SHORT RECORD
NO. 16-8024
FILED 10/13/16

Appeal No. _____

# UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

**MICHAEL DRIVER, TERRY CLAYTON, MICHAEL BOYD,
NICHOLAS SWORDS, and, ROY SHOFNER,**
individually and on behalf of all others similarly situated,

Plaintiffs – Petitioners

v,

**THE MARION COUNTY SHERIFF, and,
THE CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY**

Defendants – Respondents

On Petition for Permission to Appeal from the
U.S. District Court, Southern District of Indiana, Indianapolis Division,
Case No. 1:14-cv-2076-RLY-MJD
Honorable Richard L. Young, Judge

**FED. R. CIV. P 23(f) PETITION FOR PERMISSION TO APPEAL**

Richard A. Waples
**WAPLES & HANGER**
410 N. Audubon Road
Indianapolis, Indiana 46219
TEL: (317) 357-0903
FAX: (317) 357-0275
EMAIL: rwaples@wapleshanger.com

John P. Young
**YOUNG & YOUNG**
128 N. Delaware St. 3rd Floor
Indianapolis, IN 46204
TEL: (317) 639-5161
Fax (317) 639-4978
EMAIL: john@youngandyoungin.com

**ATTORNEYS FOR PLAINTIFFS-
PETITIONERS**

# CERTIFICATE OF INTERESTED PERSONS

Petitioners' undersigned counsel of record certifies that the following listed persons and entities as described in the Fed. R. App. P 12(b), have an interest in the outcome of this case. These representations are made to facilitate judicial evaluation of possible grounds for disqualification or recusal.

**Plaintiffs – Petitioners:**

Richard A. Waples
John P. Young
Michael Driver
Terry Clayton
Michael Boyd
Nicholas Swords
Roy Shofner
and all others similarly situated

**Attorneys for Plaintiffs – Petitioner:**

Richard A. Waples
**WAPLES & HANGER**
410 N. Audubon Road
Indianapolis, Indiana 46219
TEL: (317) 357-0903
FAX: (317) 357-0275
EMAIL: rwaples@wapleshanger.com

John P. Young
**YOUNG & YOUNG**
128 N. Delaware St. 3rd Floor
Indianapolis, IN 46204
TEL: (317) 639-5161
Fax (317) 639-4978
EMAIL: john@youngandyoungin.com

**Defendants – Respondents:**

The Marion County (Indiana) Sheriff
The Consolidated City of Indianapolis and Marion County

**Attorneys for Defendants – Respondents:**

Anthony W. Overholt
FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
aoverholt@fbtlaw.com

**Judicial Officer:**

Richard L. Young
United States District Judge Southern District of Indiana

October 13, 2016
*/s/ Richard A. Waples*
Richard A. Waples
Attorney of Record for
Plaintiffs - Petitioners

## TABLE OF CONTENTS

I.     PETITION FOR PERMISSION TO APPEAL ............................................................ 1

II.    STATEMENT OF FACTS AND PROCEEDINGS BELOW ...................................... 2

       A. The Claims .................................................................................................................... 2

       B. Overview of Relevant Facts ...................................................................................... 3

III.   QUESTIONS PRESENTED ............................................................................................ 11

IV.    RELIEF SOUGHT ........................................................................................................... 12

V.     REASONS WHY THE APPEAL SHOULD BE ALLOWED ...................................... 12

       A.  The Basis for Appeal Under Federal Rule of Civil Procedure 23(f) ...................... 12

       B.   The District Court Misinterpreted McLaughlin and Wrongly Concluded that
            Individual Issues Were Predominate in Refusing to Permit Detainees to
            Collectively Challenge the Sheriff's 72 Hour Hold Practice ............................... 14

       C.   The District Court Incorrectly Concluded that a Class of Inmates held Days
            past Judicial Orders for their Release Cannot Collectively Challenge the
            Sheriff's Deliberately Indifferent Decisions to Acquire and Continue to Utilize a
            Computer System Inadequate to Accomplish the Timely Release of Prisoners  21

VI.    CONCLUSION ................................................................................................................. 29

# TABLE OF AUTHORITIES

## Cases

*Armstrong and Luck v. Rovenstine*, 168 F.3d 323 (7th Cir. 1999) ..................................................23

*Blades v. Monsanto Co.*, 400 F.3d 562 (8th Cir. 2005) ..................................................17

*Blair v. Equifax Check Services, Inc.,* 181 F.3d 832 (7th Cir. 1999)..................................................12

*Brock v. Casteel*, 2015 U.S. Dist. LEXIS 68849 (S.D. Ind. May 28, 2015)..................................................23

*Chortek v. Milwaukee*, 356 F.3d 740 (7th Cir. 2004) ..................................................16

*County of Riverside v. McLaughlin*, 500 U.S. 44 (1991)..................................................11, 14-16, 18-21

*Donovan v. St. Joseph Cnty. Sheriff*,
   No. 3:11-cv-133-TLS, 2012 WL 1601314 (N.D. Ind. May 3, 2012) ..................................................19

*Eisen v. Carlisle & Jacquelin,* 417 U.S. 156 (1974)..................................................13

*Gerstein v. Pugh*, 420 U.S.103 (1975) ..................................................20

*Graham v. Connor*, 490 U.S. 386 (1989) ..................................................23

*Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432 (7th Cir. 1986)..................................................16

*Harper v. Sheriff of Cook County*, 581 F.3d 511 (7th Cir. 2009) ..................................................19, 20

*Hughes v. Kore of Ind. Enter.*, 731 F.3d 672 (7th Cir. 2013) ..................................................13

*Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802 (7th Cir. 2012) ..................................................17, 18, 22

*Oklahoma City v. Tuttle*, 471 U.S. 80 (1985) ..................................................22

*Otero v. Dart*, 306 F.R.D. 197 (N.D. Ill 2014) ..................................................19

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)..................................................23

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) ..................................................13

*Portis v. City of Chicago*, 613 F.3d 702 (7th Cir. 2010)..................................................16, 20

*Washington v. Walker*, 734 F.2d 1237 (7th Cir. 1984) ..................................................22

**Statutes, Rules and Other Authorities**

42 U.S.C. Sec. 1983 ............................................................................................................... 2

Federal Rule of Appellate Procedure 5 ..........................................................................................12

Federal Rule of Civil Procedure 23 ........................................................................................12, 17

Committee Notes to 1998 Amendments to Rule 23 .......................................................................12

7AA Wright & Miller, Federal Practice & Procedure § 1778 (3d ed. 2011)...................................17

Webster's Ninth New Collegiate Dictionary (1983) .......................................................................22

# I.
## PETITION FOR PERMISSION TO APPEAL

Petitioners Michael Driver, Terry Clayton, Michael Boyd, Nicholas Swords, Roy Shofner, and all others similarly situated, petition for permission to appeal the district court's September 30, 2016, order granting in part and denying in part their motion to certify the class (the "Order") (attached as Exhibit A). The petitioners ask this Court to grant review to the district court's decisions to deny certification to two subclasses: those detainees held pursuant to the Sheriff's practice to delay prisoner's release for 72 hours after a court ordered their release; and, those prisoners held for unreasonably long periods of time because of the Sheriff's decisions to acquire and continue to use a free jail information management software program without vetting it and despite being informed by his own IT chief and the local courts that it was resulting in the overdetention of prisoners.

Petitioners do not seek to appeal the district court's decision to decline certification of a subclass of prisoners complaining of the Sheriff's outsourcing of bond payments.

The Sheriff has represented to undersigned counsel that Respondents do not intend to cross petition to appeal the district court's certification of two subclasses of detainees-those re-imprisoned after a court ordered their release on their own recognizance, found not guilty or acquitted, or who have had their criminal charges vacated or dismissed; and, those detainees ordered released to self-report to community corrections but held in jail for days until community corrections is ready to pick them up as a group.

**II.**
**STATEMENT OF FACTS AND PROCEEDINGS BELOW**

**A.    The Claims**

Plaintiffs-petitioners filed their initial complaint on December 19, 2014 (Dkt. 1) and their third amended complaint against Defendants the Marion County Sheriff and the Consolidated City of Indianapolis and Marion County (collectively "Sheriff") on May 13, 2015. Doc. 38. The lawsuit alleges that the Sheriff follows a number of policies and practices which unreasonably keep detainees in jail for days after courts have ordered their release. The complaint alleged violations of the fourth and fourteenth amendment actionable pursuant to 42 U.S.C. Sec. 1983.

The petitioners claim in their complaint and in their class certification submissions that there are tens of thousands of class members, each of whom has suffered the same legal wrong, yet each of whom's damage claim, consisting of compensation for extra days in jail, is relatively small, and would be infeasible to pursue individually. Petitioners assert that a class action is not only desirable, but necessary to permit these individuals to vindicate their legal rights.

Petitioners sought an order certifying a class of all individuals who, from December 19, 2012 to the present, were held in confinement by the Marion County Sheriff after legal authority for those detentions ceased, due to the Sheriff's practices of: operating under a standard of seventy-two (72) hours to release prisoners who are ordered released; not accepting cash or surety bonds but instead outsourcing the payment and processing of these bonds to the Marion County Clerk; employing a computer system inadequate for the purposes intended with respect to the timely release of prisoners; re-arresting and imprisoning individuals who are released on their own recognizance, found not guilty or acquitted, or who have had their criminal charges vacated or dismissed, and for whom the Sheriff no longer has any legal right to detain; and,

keeping imprisoned inmates who the courts have released to Community Corrections for electronic monitoring. Petitioners claim these practices and procedures are unreasonable and result in substantial and unreasonable delays in the release of class members. Dkt. 71 (Class Motion).

Petitioners filed their class certification materials on October 15, 2015. Dkt. 71 (motion), Dkt. 72 (memorandum); Dkt. 73-1 to 73-18 (evidentiary submissions). The Sheriff responded to the motion on May 2, 2016. Dkt. 116 (memorandum); Dkt. 117-121 (evidentiary submissions). Plaintiffs replied on July 28, 2016. Dkt. 157 (memorandum); Dkt. 158-1 to 158-18 (evidentiary submissions). The District Court issued its Order on September 30, 2016. Dkt. 171 (attached).

### B.    Overview of Relevant Facts

Petitioners' class certification evidence demonstrates that the Marion County Sheriff follows certain policies and practices which result in unusually long and unreasonable periods of detentions for persons whom the Sheriff no longer has legal authority to detain. While processing inmates out of jail normally takes 15 minutes to two hours in most Indiana counties (Dkt. 73-1, Thompson Aff. ¶ 13; Dkt. 73-2, Frierson Aff. ¶ 9), in Marion County such processing can commonly last over several days. See Dkt. 73-1 to 73-12 and 73-16, Affidavits of Thompson, Frierson, Driver, Boyd, Swords, Shofner, Ruemmele, Kissee, Law, Clayton and 57 Class Member submissions.

Historically, the Marion County Sheriff processed inmates out of jail in a 2-4 hour time period (Dkt. 73-1, Thompson Aff. ¶ 5), a bit longer than other Indiana counties but still arguably within reason. However, in response to several inadvertent inmate releases, the Sheriff adopted a practice of deliberate delay in processing inmates for release, choosing to err on the side of

overdetention rather than timely release. As attested to by former Marion County Superior Court Judge William Young, the Sheriff's concern to avoid early releases created a "culture within the Sheriff's department of accepting delayed releases." Dkt. 73-1,Young Aff. ¶ 7. According to one Sheriff's employee, "their motto from as long as I can remember, 'If in doubt, don't let them out.'" Dkt. 158-10, Roembke Depo. 13.

When inadvertent inmate releases became an issue, standard release times in Marion County increased significantly, from 24 to 72 hours. Dkt. 73-3, Young Aff. ¶ 6, 7. Following the Sheriff's installation of a new computer system in 2014, overdetentions of 2-3 days were common. Dkt. 73-1, Thompson Aff. ¶ 10; Dkt 73-2, Frierson Aff. ¶ 5. See also Order 2-3.

When class members, their families, and lawyers contacted the jail to complain, Sheriff employees commonly informed them that the Sheriff has 72 hours to release inmates from jail. Dkt. 73-16, Clayton Aff. ¶ 14; Dkt. 73-4, Driver Aff. ¶ 16, Dkt. 73-7, Shofner Aff. ¶ 18; Dkt. 73-6, Swords Aff. ¶ 15; Dkt. 73-1, Thompson Aff. ¶ 14; Dkt. 73-2, Frierson Aff. ¶ 10.

The Marion County Sheriff recognizes that a problem exists, and admits that it is subjecting inmates to "over detentions." Dkt. 73-13, ("Marion County sheriff sued for illegal detentions," The Indiana Lawyer, Dec. 22, 2014, (http://www.theindianalawyer.com/article/print?articleId=35966) (last accessed 8/20/15) ("In a statement, the Sheriff's Office said since the department began its largest-ever information technology changes in June [2014], it 'has grappled with early releases and over detentions ... The transition has not gone as well as expected.'"); Dkt. 73-1, M. Thompson Aff. ¶ 11; Dkt. 73-2, Frierson Aff. 8 (Sheriff acknowledged overdetention problem to bail bondsmen).

Marion County criminal court judges have also recognized the Sheriff's procedures as the source of delayed inmate releases and have complained to the Sheriff about it, but to no avail.

See Dkt. 73-18, Sheriff's Prod. Resp. MCSO-E4519 (Marion Superior Judge Becky Pierson-Tracy, 6/17/14)) ("Your response seems unresponsive to my issue: defendants not getting released from MCJ once ordered to be released. We have families calling and telling us defs are still in jail when they were ordered released days ago."); *Id.*, MCSO-E4092 (Public Defender Ann Sutton to Sheriff's Officer Megan Shipley, 6/20/14) ("[inmate] was ordered released yesterday 6/19 by Court 25. He is still in custody. The person at jail records just told me that he is in the 'release process' but she had no estimate of when he would be released. She says that they are 1-2 days behind on releases (!!!!!) so they'll get to him when they can.").

As Marion County Superior Court Master Commissioner Shannon Logsdon advised Court Chief Technology Officer Amitav Thamba:

> This is an ONGOING pattern and has been happening on a continuous basis for months. I provided Judge Certo with names/dates previously, but I can provide more information if necessary. My concerns are three-fold: (1) that people are having to stay in jail longer than they should; (2) that the extra time is a violation of their Constitutional Rights and they could sue the County – costing taxpayers a lot of money; (3) this effects the overcrowding issue and early/pre-emptive releases because jail space is being taken up by those that shouldn't even be there anymore (not for mere hours, but of an average of 3 extra days on the cases that have been brought to my attention).

Dkt. 73-18, MCSO-E6086-6087. See also Dkt. 73-15, "Delayed releases continuing problem at Marion County Jail," The Indiana Lawyer, Aug. 15, 2014, ("Two Marion Superior criminal court judges said Friday they continue to be frustrated by delayed releases of arrestees detained after orders have been signed for their release.").

(http://www.theindianalawyer.com/delayed-releases-continuing-problem-at-marion-county-jail/PARAMS/article/34923) (last accessed 8/20/15).

Attorneys for inmates have also recognized this as a problem and have complained about it. See Dkt. 73-18, Sheriff's Discovery Response MCSO-E892, (PD Paralegal for Court G-07;

inquiry as to why 3 defendants who were OR'd are still in custody) ("like most of the courts, we've been having issues with people getting released from the jail in a timely manner."); Dkt. 73-8, Ruemmele Aff. ¶ 5-7; Dkt. 73-17, "Public defender blasts Marion County Jail" The IndyChannel.com, Dec. 12, 2014 ("A Marion County public defender questioned why the jail kept her client two days after he was supposed to be released")

(http://www.theindychannel.com/news/local-news/public-defender-blasts-marion-county-jail)

(last accessed 8/20/15); Dkt. 73-9, Nedeff Aff. ¶ ¶ 5-15 (client kept two days after order for release despite two telephone calls to inmate records).

The problem is widespread and affects numerous individuals. Dkt. 73-18, Sheriff's Discovery Response MCSO-E6086-87 (Logsdon email); Dkt. 73-15, "Delayed releases continuing problem at Marion County Jail," The Indiana Lawyer," Aug. 15, 2014.

(http://www.theindianalawyer.com/delayed-releases-continuing-problem-at-marion-county-jail/PARAMS/article/34923) (last accessed 8/20/15) ("[Marion Superior Court Judge] Stoner said bailiffs in his court have told him 'it happens so often they feel like the only way they can deal with it is doing it by paper,' either faxing or delivering release orders [to the jail]." ).

Petitioners' evidence before the district court was that class experienced over 38,000 extra days in detention in the latter half of 2014 alone due to the Sheriff's use of its unworkable computer system. Dkt. 158-15 (Sandy Report); *infra* 11.

In response to class certification, the Sheriff did not contest plaintiffs' evidence that each of the five proposed class representatives was held days past the time courts ordered their releases. Nor did the Sheriff offer any explanation why his department took so long to comply with court orders to release them, nor contend that their experiences were atypical from that experienced by other putative class members. In deposition testimony, Sheriff Layton admitted

that each of these detentions was unreasonable. Dkt. 158-1, Layton Depo. 21 (Driver); Layton Depo. 31 (Clayton); Layton Depo. 41-43 (Swords); Layton Depo. 34-37 (Boyd); Layton Depo. 49 (Shofner).

The evidence before the district court was uncontroverted that the Sheriff employs a computer system unable to adequately process prisoners out of the Marion County Jail on a timely basis. As Sheriff Layton admitted, his computer software, OMS, was not compatible with the Court's Odyssey system. Dkt. 158-1, Layton Depo. 53 ("they didn't work real well together. So a new system was going to have to be created, and was created to bridge the two. And it never even -- the new system did not work correctly."). The problem was OMS was not compatible with Odyssey, and hence couldn't read the orders entered into Odyssey. *Id*., Layton Depo. 54.

Not receiving the codes electronically requires the Sheriff's staff to manually review paper copies of court and jail records. As the Sheriff's current Jail Commander testified, this lack of compatibility "turned records into a very difficult process. And it is still a challenging process even today [6-3-2016] … having to go through stacks of paperwork hand by hand to make sure that they were making the right decisions" Dkt. 158-7, Martin Depo. 23-24. This caused, as Derek Peterson, the Sheriff's Chief Information Technology Officer put it, "extremely significant and alarming delays in the release process." Dkt. 119 (Peterson Decl. paras 14, 18).

Royce Cole, the Sheriff's Jail Commander at the time, testified that average release times "increase[d] substantially" in June of 2014 when the computer system changed from the former software system known as JIMS to OMS. Dkt. 158-2, Cole Depo. 13. GTL, the provider of OMS, was unable to fix this problem. Dkt. 158-9, Peterson Depo. 33-36. The City's Information Services Agency (ISA) and its contractor Daniels and Associates attempted to build an interface between the two systems called Dexter. Dkt. 158-9, Peterson Depo. 32-33. This took

approximately four to six months after OMS went live in June, 2014, and the system still has limitations to this day, which results in continued delayed releases. *Id.,* Peterson Depo. 53-57, 147; Dkt. 158-2, Cole Depo. 14-15, 17; Dkt. 158-7, Martin Depo. 23-24.

The evidence before the district court discussed *infra* 24-27 demonstrates that the Sheriff acquired the OMS application because it was free, given to him by his inmate collect telephone contractor as an inducement to extend its lucrative contact with the Sheriff's Department; that the Sheriff bypassed regular channels to acquire the software; and, that prior to deciding to acquire this jail information management software, the Sheriff completely failed to determine the admittedly most essential question, that being whether the program would integrate with the Court's Odyssey software, which it did not. The Sheriff continues to use the system to this day, despite his own Chief Information Technology Officer and the Courts telling him that it delays the release of prisoners. *Id.* The Sheriff's conscious, reckless, decisions demonstrate an abject lack of concern for the liberty interests of prisoners and have resulted in the systemic overdetentions of literally tens of thousands of prisoners.

The Sheriff acknowledges that before any jail information management software was acquired, it was "imperative" to know whether it was compatible with the Court's information technology system known as Odyssey. Dkt. 158-1, Layton Depo. 58:22—59:25. See also Dkt. 158-11, Dezelan Depo. 12-13 (agrees it would be "necessary," before any change in the Sheriff's software, to determine whether any new software would communicate with the courts and other law enforcement agencies). Geneva Roembke, the ISA person who was responsible for the Sheriff's IT applications, called the need to determine whether the jail's software system would interface with the Court's Odyssey system  a "common sense" prerequisite before acquiring the jail software. Dkt. 158-10, Roembke Depo. 30, 41. The Sheriff's office did not consult with Ms.

Roembke regarding whether OMS would integrate with Odyssey before acquiring it. *Id.*, Roembke Depo. 8.

Despite this common sense requirement, the evidence demonstrates that the Sheriff acquired OMS because it was "free" and implemented it despite *never having determined* whether it was compatible with the Court's Odyssey software. Dkt. 158-9, Peterson Depo. 110 ("Q: Nobody, to the best of your knowledge, ever looked at that issue, though, whether GTL's OMS worked with Odyssey before the sheriff acquired Odyssey? A: Not that I am aware of.").

The Sheriff's principal administrative deputy, Louis Dezelan, identified an immediate increase in the jail's daily population when OMS was implemented on June 6, 2014 which he attributed to the changeover in the information software. Dkt. 158-11, Dezelan Depo. 50-51; 92; Dkt. 158-9, Peterson Depo. 45-47 ("I have seen graphs of our [inmate] population, and you can just see that it immediately shoots up."); Dkt. 158-2, Cole Depo. 49 (Col. Dezelan told him sudden increase in jail population was associated with computer changeover); *Id.*, Cole Depo. 14 (his [records, i.e., release] Major [Tammy Wood] would report to him that "we're really backing people up in the jail because of the computer system's not working correctly.").

Mr. Peterson testified the delays in releasing inmates began immediately upon the implementation of the OMS software in June, 2014, continued unabated throughout the remainder of that year, and resulted in a large increase in the jail's daily inmate population. Dkt. 158-9, Peterson Depo. 45-47 ("If you look at the jail numbers prior to and immediately after, you see an immediate spike.").

The jail's commander noted that average release times "increase[d] substantially" in June of 2014 when the computer system changed from the former software system to OMS. Dkt. 158-2, Cole Depo. 13. Public defenders and the Marion Superior Courts were complaining to the

Sheriff that they had ordered prisoners released as much as six days earlier and yet the prisoners remained in jail. Dkt. 158-9, Peterson Depo. 146 ("common occurrence" that courts and public defenders were complaining of inmates not being released, including some for periods between 3 and 6 days).

While the tremendous number of delayed releases attributed to OMS in the latter half of 2014 has diminished, to this day, the Sheriff's use of OMS is still causing delays in releases and backups in the jail. Dkt. 158-9, Peterson Depo. 79-80, 146-147; Dkt. 158-2, Cole Depo. 14-15, 17 (the computer problems were ongoing causing delays up until he left in Oct. 2015); Dkt. 158-7, Martin Depo. 23-24 (OMS still causing problems as of June, 2016, although better than in 2014).

Perhaps most troubling, the Sheriff continues to use OMS, despite the recommendations of the Chief Information Technology Officers of his own department and of the Marion Superior Courts, both of whom have advised him that the software continues to cause delays in compliance with the courts' release orders. See *infra* 28-29; Dkt. 158-9, Peterson Depo. 205, 206-208; Depo. Ex. 29 and Dkt. 158-14 (Court's April 13, 2015 Correspondence to Sheriff Layton) (eliminating OMS and acquiring integrated software would ""help in ensuring proper and efficient information and data transfer between the Court and the Sheriff's Office... and would result in a 'decrease in holding defendants in jail after court ordered to be released.'"). The Sheriff's deliberate indifference to the liberty interests of class members thus continues to this day.

The Sheriff claims to have never attempted to quantify either the number of inmates subjected to increased detentions or the length of those detentions. Dkt. 158-11, Dezelan Depo. 37 ("as far as the numbers of people who might have been overdetained, no, I am not aware of

those numbers. Q Nor are you aware of the amount of time they were overdetained? A That's correct."); Dkt. 158-9, Peterson Depo. 46 ("I am not aware of a number"); Peterson Depo. 76 (doesn't have any numbers); Dkt. 158-7, Martin Depo. 38 (no information or statistics on how many prisoners have been overdetained); Dkt. 116, Defs' Brief 29 (claims to be unable to identify the number of inmates overdetained).

Petitioners calculated the number of overdetentions for the last half of 2014 alone, and the numbers are in the tens of thousands.

Professor Robert Sandy, a retired vice president of Indiana University-Purdue University at Indianapolis, and former chair of the school's Economics Department, is an expert in statistics. Dkt. 158-15, Sandy Report. Dr. Sandy analyzed the Marion County Jail population data from 2010 to 2016 underlying Colonel Dezelan's observation of the June-December, 2014 increase in inmate population attributable to the OMS software. *Id*. Dr. Sandy concluded that from June through December 2014, the class experienced an additional 38,180 days in jail as a result of the Sheriff's utilization of OMS. *Id*. These figures confirm a systemic overdetention problem.

### III.
### QUESTIONS PRESENTED

1.      Did the district court err in denying certification to a class of inmates challenging the Sheriff's practice of taking 72 hours to comply with judicial orders to release them by concluding that *McLaughlin's* 48 hour presumption for the reasonableness of post-arrest prehearing detention applies following a judicial order to release?

2.      Did the district court err in denying certification to a class of inmates challenging the Sheriff's use of a computer system inadequate for the purpose of the timely release of prisoners which results in detainees being held for days following a judicial order for their release?

# IV.
# RELIEF SOUGHT

Petitioners respectfully requests this Court grant them permission to appeal pursuant to Federal Rule of Civil Procedure 23(f) and Federal Rule of Appellate Procedure 5(a); set this appeal for full briefing on the merits; and, ultimately, reverse the district court's September 30, 2016, Order denying in part certification to two subclasses challenging the Sheriff's 72 hour detention practice and its utilization of a computer system inadequate for the timely release of prisoners.

# V.
# REASONS WHY THE APPEAL SHOULD BE ALLOWED

## A.     The Basis for Appeal under Federal Rule of Civil Procedure 23(f).

Federal Rule of Civil Procedure 23(f) provides:

A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered.

This petition is filed within the requisite time period. Whether to permit a Rule 23 (f) appeal lies within this Court's "unfettered discretion." Committee Notes to 1998 Amendments to Rule 23.

There are no set standards or formulas to determine whether to grant a petition to appeal pursuant to Rule 23 (f). However, this Court has recognized that such an appeal is proper when the decision denying class certification may sound the death knell of the litigation. *Blair v. Equifax Check Services, Inc.,* 181 F.3d 832, 834, (7th Cir. 1999). An appeal may also be permitted to facilitate the development of the law. *Id.* Here, this petition presents important questions that will affect numerous class actions challenging unreasonable detention practices. These issues include the reasonableness of a 72 hour standard to comply with

judicial orders to release detainees, and whether detainees may band together as a class to challenge standard detention practices which result in their extended detentions.

Granting the petition will facilitate the development and clarification of class law as it relates to inmate releases and the ability of detainees to collectively challenge systemically unreasonable detention practices which would otherwise go unreviewed and unremedied. There are tens of thousands of class members here, each of whom has suffered the same legal wrong, yet each of whom's damage claim, consisting of compensation for extra days in jail, is relatively small, and would be infeasible to pursue on an individual basis. Thus, a class action is not only desirable, but necessary to permit these individuals to vindicate their legal rights. Review by this Court now is necessary as the district court's decision effectively sounds the death knell of the class's challenge to these practices.

In recently reversing the decertification of a class action arising in the Southern District of Indiana, this Court recognized that "the smaller the stakes to each victim of unlawful conduct, the greater the economies of class action treatment and the likelier that the class members will receive some money rather than (without a class action) probably nothing, given the difficulty of interesting a lawyer in handling a [modest individual] suit...." *Hughes v. Kore of Ind. Enter.*, 731 F.3d 672, 675 (7th Cir. 2013). This is consistent with the Supreme Court's recognition that where claims are small, "most of the plaintiffs would have no realistic day in court if a class action were not available." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985). *See also Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 158 (1974) ("Economic reality dictates that petitioner's suit proceed as a class action or not at all.").

Accepting the district court's rationale would effectively preclude class actions challenging systemic delays by detention authorities in complying with judicial release orders.

This would undermine Federal Rule of Civil Procedure 23's purposes and permit unconstitutional detention practices to continue unfettered.

**B.      The District Court Misinterpreted McLaughlin and Wrongly Concluded that Individual Issues Were Predominate in Refusing to Permit Detainees to Collectively Challenge the Sheriff's 72 Hour Hold Practice**

The district court's order recounted that each of the five class representatives were held for between 2 to 4 days after courts ordered their release. Order 1-3. The district court also found that four of the class representative, and other inmates with whom they were detained and who faced similar detention periods, were repeatedly informed by custody staff that their extended detentions were pursuant to the Sheriff's practice of operating under a standard of 72 hours to release prisoners after receiving judicial orders for their release. *Id.*

The district court made two mistakes in refusing to certify this class challenging the Sheriff's 72 hour hold procedure. First, the court misread the Supreme Court's 48 hour presumption in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991) as applicable to post-release-order detention times. Order at 9. Second, the court incorrectly concluded that various factors that could "complicate" the release procedure predominated over the class's systemic challenge to the Sheriff's standard 72 hour release practice.

With respect to the first error, the district court incorrectly concluded that *McLaughlin*, which arrived at 48 hours as the cutoff timeline for presumptive reasonableness for post-arrest judicial determinations of probable cause, applies to the time period detention authorities have to comply with judicial orders to release detainees from custody. Order at 9-10 ("[t]he 48 hour line between the time one is ordered released from custody and the time he is released determines the reasonableness of a particular detention; less than 48 hours is presumptively reasonable and more than 48 hours is presumptively unreasonable."). This is simply incorrect.

*McLaughlin'* 48 hour presumption applies to the time taken by the criminal justice system to process a person from warrantless arrest, transportation to jail, booking, processing into jail, charging decision, assigning to court, transporting to court, and ultimately arriving at a judicial determination on probable cause. The present case deals with complying with a court order to release detainees after the above pre-hearing processes have concluded.

The administrative burdens associated with release once legal authority for detention ceases to exist, as at issue here, are considerably less than in *McLaughlin*. In setting 48 hours as presumptively unconstitutional for a post-arrest judicial determination of probable cause, the Supreme Court took into consideration that "where, as in Riverside County, the probable cause determination is combined with arraignment, there will be delays caused by paperwork and logistical problems. Records will have to be reviewed, charging documents drafted, appearance of counsel arranged, and appropriate bail determined" (500 U.S. at 55), in addition "completing the administrative steps incident to arrest and arranging for a magistrate" takes even more time. 500 U.S. at 58.

In the present case, all of these steps have been completed, and a court order has been entered which ends the legal authority of the Sheriff to continue the person's detention. While a short period of time is reasonable to allow the Sheriff to check its records to determine if it is releasing the right person, to determine whether there is any other court order requiring the detainee to remain in custody, and, if not, to return the person's property and release them, these administrative steps pale in comparison to the administrative burdens which led the McLaughlin Court to shift the burden at 48 hours post-arrest. *McLaughlin*, 500 U.S. at 57.

The uncontroverted evidence before the district court, including from the Sheriff's former jail commander, is that the time and administrative duties involved with the  post-arrest and post-release order situations are not remotely comparable. Dkt. 158-2, Cole Depo 42-44

(process to arrest, transport, process inmates into detention, and get them to initial/probable cause hearings are much more involved and takes much more time than to process someone out after a court order to release).

Jail Commander Royce Cole testified that complying with a court order to release a detainee commonly takes 2 hours in most Indiana counties. Dkt. 158-2, Cole Depo. 45-46 (standard release time in Indiana County Jails is two hours). Commander Cole testified that release times in Marion County should take no more that 2-4 hours, but could take "up to six hours" if problems arise to delay the process, such as fights, jail disruptions, meal times, ect. *Id*., Cole Depo. 11, 33-34. These problems are they types of "variables" the district court relied upon to determine that the common issue of the Sheriff's standard 72 hour hold did not predominate. Order at 10.

Of course, *McLaughlin* says nothing about immunizing detention authorities for excessive detentions <u>after</u> a court order to release, because the case did not address that situation. *McGlaughlin* does not even immunize excessive detentions <u>prior</u> to judicial determination of probable cause. As this Court has observed: "What remains true, as *McLaughlin* observed and *Chortek* [*v. Milwaukee*, 356 F.3d 740 (7th Cir. 2004)] reiterated, is that detention less than 48 hours may be unreasonably long. Needless delay, or delay for delay's sake--or, worse, delay deliberately created so that the process becomes the punishment--violates the fourth amendment. *McLaughlin*, 500 U.S. at 56, 59. Indeed, we suggested in *Gramenos* [*v. Jewel Companies, Inc*., 797 F.2d 432 (7th Cir. 1986)] and *Chortek* that detentions as brief as four hours could be excessive and must be justified." *Portis v. City of Chicago*., 613 F.3d 702, 705 (7th Cir. 2010).

The district court's denial of class certification based upon its misreading of *McLaughlin* is thus not only inconsistent with that decision and relevant authority from this

Circuit, but effectively precludes detainees from challenging the Sheriff's practice to hold prisoners for 72 hours after they have been ordered released.

The district court also refused to certify the class by incorrectly concluding that various factors that could "complicate" the release procedure predominated over the class's systemic challenge to the Sheriff's standard 72 hour release practice.

Petitioners recognize that individual factors can delay the timing of any individual release. Indeed, plaintiff's evidence, from the Sheriff own former jail commander, accounts for such individual issues which may complicate releases. The evidence though, is that the time these factors may add to any individual release, from 2 to 4 hours, for a total of "up to six hours," are miniscule in comparison to the Sheriff's 72 hour release procedure.

Because any release delays caused by "complicating" factors identified by the district court are minor, the district court was wrong to conclude they preclude a challenge to the Sheriff's systemic 72 hour delay practice.

The 72 hour hold procedure is a common issue which predominates over the minor delay issues, and, as such, its constitutionality can be decided on a class-wide basis and thus should be found to predominate. As this Court has instructed, "Rule 23(b)(3)'s predominance requirement is satisfied when 'common questions represent a significant aspect of [a] case and . . . can be resolved for all members of [a] class in a single adjudication.'" *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) (quoting 7AA Wright & Miller, Federal Practice & Procedure § 1778 (3d ed. 2011)).

Predominance is satisfied under Rule 23 if, as here, a "common nucleus of operative facts and issues" underlies the claims brought by the proposed class." *Messner*, 669 F.3d at 815. "If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question." *Messner*, 669 F.3d at 815 (citing *Blades v. Monsanto Co.*,

400 F.3d 562, 566 (8th Cir. 2005)). As Judge Hamilton advised in *Messner*, "[i]ndividual questions need not be absent. The text of Rule 23(b)(3) itself contemplates that such individual questions will be present. The rule requires only that those questions not predominate over the common questions affecting the class as a whole." *Messner*, 669 F.3d at 815.

Here, while some class members were held less than 72 hours, and indeed less than 48 hours, neither time period is dispositive of the class's predominance showing under Rule 23 because the class as a whole was subject to the Sheriff's deliberate delay of the release process. The constitutionality of that deliberate delay can and should be decided on a class wide basis. Indeed, without a class action, the constitutionality of the Sheriff's deliberate delay will likely go unreviewed and constitutional violations go unremedied.

*McLaughlin* <u>is</u> relevant for the proposition that temporal guidelines for presumptively reasonable/unreasonable detentions are useful to accommodate both the administrative interest of penal authorities and the liberty interests of individuals. In *McLaughlin* the Court settled on 48 hours as the presumptive tipping point for presumptively excessive detentions for the post-arrest pre-hearing phase of the criminal justice system. The Court has not yet had the opportunity to opine on the presumptively reasonable/unreasonable amount of time to comply with a court order to release an individual, but it is clear from the evidence in this case, as well as from common sense, that the number should be much less than the 48 hours provided for in *McLaughlin* and relied upon by the district court below.

The district court was simply wrong to latch on to the 48 hour presumption in *McGlaughlin* as creating different presumptions for the class challenging the Sheriff's 72 hour post-release order hold practice. While it is true that given *McLaughlin* the Sheriff could not legitimately argue that he has more than 48 hours to comply with judicial orders to release, there is nothing in *McGlaughlin* or its progeny, or the evidence in this case, to suggest that 48

18

hours is the proper time period to shift a presumption of unreasonable detention following a court order to release a detainee.

It is also true that this Court has so far been unwilling to approve any hard and fast temporal rule for complying with court orders to release. See *Portis,* 613 F.3d at 705(vacating 2 hour cap for release and noting that it was not a presumption but an inflexible cap); *Harper v. Sheriff of Cook County*, 581 F.3d 511 (7th Cir. 2009) (vacating certification of class of detainees claiming overdetention finding individual issues predominate). Nevertheless, the district court below, and other district courts in this Circuit, have correctly determined that neither decision precludes collective challenges to unreasonable practices which result in overdetentions. Order at 8 ("as Plaintiffs correctly observe, *Harper* left open the possibility for plaintiffs to challenge in an 'over-detention' case to obtain class certification so long as their challenge is to the constitutionality of common policies and practices that result in unreasonably long detentions.") (citing *Harper*, 581 F.3d at 514; *Otero v. Dart*, 306 F.R.D. 197, 203-04 (N.D. Ill 2014) and *Donovan v. St. Joseph Cnty. Sheriff*, No. 3:11-cv-133-TLS, 2012 WL 1601314, at *7 (N.D. Ind. May 3, 2012)).

Indeed, the Supreme Court in *McLaughlin* specifically approved a class-based challenge to a county's practice of combining probable cause hearings with arraignments, a procedure which the class argued resulted in unreasonable delays in releasing persons arrested without a warrant. The Court recognized that this procedure could result in delays greater than 48 hours, a time period which the Court held presumptively unreasonable, and one which could be challenged on a class-wide basis:

> The record indicates, however, that the County's current policy and practice do not comport fully with the principles we have outlined. The County's current policy is to offer combined proceedings within two days, exclusive of Saturdays, Sundays, or holidays. As a result, persons arrested on Thursdays may have to wait until the following Monday before they receive a probable cause

> determination. The delay is even longer if there is an intervening holiday. Thus, the County's regular practice exceeds the 48-hour period we deem constitutionally permissible, meaning that the County is not immune from systemic challenges, such as this class action.

*McLaughlin,* 500 U.S. at 58-59.

This Court's decisions in *Harper* and *Portis* have to be read as consistent with *McLaughlin*, and as not precluding class-based challenges to administrative policies and practices which result in systemic unreasonable delays.

Moreover, just as the McLaughlin Court ultimately determined that it's *Gerstein v. Pugh*, 420 U.S.103 (1975) "brief period" standard for the reasonableness of a detention prior to a determination of probable cause was too nebulous and that a 48 hour presumptive time period was both useful and necessary for all parties involved, petitioners submit that the present "reasonableness" standard without any mooring in time is too nebulous to adequately provide guidance to correctional officials and to protect constitutional rights following an order to release.

Petitioners believe that lower courts in this Circuit may consider themselves bound by *Portis* and *Harper* to not set a presumptive time period for compliance with judicial release orders. However, petitioners suggest that the merits stage of this proceeding will demonstrate that between 4 to 6 hours and certainly a time period no greater than one eight hour shift would be a useful and reasonable demarcation line in which to judge the presumptive reasonableness of detentions following orders to release prisoners.

While such a determination is not required in deciding this petition to appeal or perhaps any merits appellate review on the certification issue, petitioners believe that should the class be permitted to proceed with its systemic challenges to the Sheriff's unreasonable practices and procedures, that further proceedings will demonstrate that the McLaughlin

Court's temporal approach makes sense for both correctional authorities and individuals entitled to be released from custody pursuant to a court order.

This Court need not decide now which Marion County practices create unreasonable and excessive detentions, or engage in *McLaughlin*-type burden-shifting after a set number of hours have passed since the inmate's legal detention ended. What is important at this stage of the proceedings is to recognize that in an appropriate case such as this one, a class of individuals for whom the sheriff no longer has any legal authority to detain, may challenge administrative practices which result in excessive post-release order detentions. *McLaughlin* makes that crystal-clear.


**C.     The District Court Incorrectly Concluded that a Class of Inmates held Days past Judicial Orders for their Release Cannot Collectively Challenge the Sheriff's Deliberately Indifferent Decisions to Acquire and Continue to Utilize a Computer System Inadequate to Accomplish the Timely Release of Prisoners**

The district court's rationale to deny certification to the class challenging the Sheriff's decisions to acquire and continue to utilize a computer system inadequate to accomplish the timely release of prisoners was that the computer system "is one of the overriding *reasons* for the over-detention of the *entire* class. As such, the court is not convinced it is a policy or practice from which this subclass can be anchored." Order at 12 (emphasis in original).

First, the plaintiffs represented to the district court that this was an issue which the entire class shares in common. Dkt. 72 (Plaintiffs' Memorandum in Support of Class Certification, p. 10) ("The Sheriff's adherence to these policies and procedures of … employing and operating a computer system in a manner which delays prisoner releases …are common to the class and result in unreasonable periods of detention."). Whether it is a "class" or a "subclasses" which should be certified to challenge this specific issue is more a matter of

semantics rather than of substance. What matters is that these prisoners should be permitted to collectively challenge this unreasonable practice. This definitional issue does not question the validity of the class as a whole. In such circumstances, "the better course is not to deny class certification entirely but to amend the class definition as needed to correct for the overbreadth." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 826 (7th Cir. 2012); *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984).

Second, it appears that the district court misunderstood the nature of the class's challenge. Petitioners are not arguing that there were "technical issues" with OMS, but challenge the Sheriff's decision to acquire the free software in the first place without first properly vetting it, and the Sheriff's decision to continue to utilize it against the advice of his own IT chief and the local courts, both of whom repeatedly informed him that the software is still unreasonably delaying the release of detainees from the jail.

The district court failed to mention the nature of plaintiff's challenges, and suggested that the "technical difficulties" with software may not be a "policy or practice." Order at 12. But the selection of OMS and its continued application to prisoners is the textbook definition of a policy and practice.

As the Supreme Court has instructed: "One well-known dictionary, for example, defines 'policy' as 'a definite course or method of action selected from among alternatives and in light of given conditions to guide and determine present and future decisions.'" *Oklahoma City v. Tuttle*, 471 U.S. 80, 823 (1985) (quoting Webster's Ninth New Collegiate Dictionary 910 (1983)). This is exactly what the Sheriff did in acquiring and applying OMS as its method for managing information about jail prisoners, including information about whether and when to release them. As Jail Commander Martin testified, OMS is "applied to prisoners across the board from when they first come in to when they leave ... [it is] common practice to apply the

OMS system ...to each prisoner." Dkt. 158-7, Martin Depo. 37. The *Tuttle* definition fits exactly with what the Sheriff did in choosing OMS and applying it to each and every inmate.

The Sheriff's selection and continued application of OMS resulting in the systemic delay in the release of prisoners also represents a "decision to adopt that particular course of action properly made by that government's authorized decisionmakers," which the Supreme Court has consistently recognized as a sufficient basis to establish municipal liability under Section 1983. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). The Sheriff made the decision to acquire and utilize OMS. Dkt. 158-11, Dezelan Depo. 25. The Sheriff is the final policymaker with respect to the confinement of prisoners in the jail. *Armstrong and Luck v. Rovenstine*, 168 F.3d 323, 326 (7th Cir. 1999) (court "find[s] unconvincing the sheriff's attempt to shrug off his federal constitutional responsibilities toward detainees . . . . In the final analysis, the sheriff is the custodian of the persons incarcerated in the jail, and as such, it is he who is answerable for the legality of their custody."); *Brock v. Casteel*, 2015 U.S. Dist. LEXIS 68849, 31-32 (S.D. Ind. May 28, 2015) (challenging pre-arraignment overdetention) ("The county sheriff is the final policymaker for county jails in Indiana.").

The Sheriff did not accidentally choose or apply this specific software to the class members; he did so intentionally, and continues to do so against the advice of his own IT Chief and the very courts upon whose authority he relies to detain class members. These actions surely represent the Sheriff's policy decisions.[1]

The evidence before the district court is sufficient for a trier of fact to conclude that the Sheriff was deliberately indifferent to the liberty interests of detainees in both his decision to

---

[1] The Sheriff admits for purposes of class certification that the "standard to which Defendants' conduct will be evaluated" arises under the Fourth Amendment. Dkt. 116 (Defs' Class Brief 2, n. 2. The proper test under the Fourth Amendment is objective reasonableness. *Graham v. Connor*, 490 U.S. 386, 397 (1989).

initially acquire OMS, and his continued use of it to keep class members detained long after they had been ordered released.

The Sheriff acquired OMS from Global Tel*Link ("GTL") which offered it free of charge if the Sheriff would extend GTL's contract for inmate collect call services. Dkt. 158-11, Dezelan Depo. 14, 16-20; Dkt 158-9, Peterson Depo. 34.

The Sheriff's contact with GTL for inmate collect call services is lucrative for both GTL and the Sheriff: the sheriff provides nothing of value except access to the captive audience of prisoners; GTL provides the hardware, software, and does all the installation and maintenance of the phones and lines. GTL, in turn, charges the prisoners and their families exorbitant rates, out of which it pays the Sheriff "commissions" for doing nothing, in the amount of approximately $800,000 per year. Dkt. 158-11, Dezelan Depo. 17-18.

Petitioners' evidence demonstrated deliberate indifference.

When it made the decision to acquire OMS, the Marion County Sheriff knew the Marion County Courts were using the software known as Odyssey. Dkt. 158-11, Dezelan Depo. 26, lines 21-25. Indeed, the Sheriff's Department knew as early as 2006 that the Courts were going to move to Odyssey. Dkt. 158-9, Peterson Depo. 65-67. The Sheriff himself acknowledged that before any jail information management software was acquired; it was "imperative" to know whether it was compatible with the court's Odyssey software. Dkt. 158-1, Layton Depo. 58-59. See also Dkt. 158-11, Dezelan Depo. 12-13 ("necessary"); Dkt. 158-10, Roembke Depo. 41 ("common sense").

Despite this understanding, the evidence before the district court was that the Sheriff completely failed to determine whether OMS would work with Odyssey, and continues to use it despite knowing that it results in the overdetention of prisoners. This is akin to the Sheriff knowingly hiring a person who cannot read to receive and implement court orders to release

detainees, and to continue to employ that person despite his illiteracy causing systemic delays in the release of prisoners.

The evidence reveals that the Sheriff acquired the OMS software outside the standard channels, and entirely bypassed the Information Services Agency (ISA), the Marion County agency responsible for IT decisions. The Sheriff's jail commander at the time testified that the move to OMS "did not make any sense." Dkt. 158-2, Cole Depo. 17.

Barb Thompson was the contract manager for ISA with jurisdiction over the Sheriff's contracts. Dkt. 158-16, B. Thompson Decl. ¶ ¶ 1, 5. Ms. Thompson explained that ISA was formed to coordinate information technologies among the City and County agencies. Agencies such as the Sheriff's Department, are supposed to go through ISA for the acquisition of software. *Id*., ¶ ¶ 3, 4; Marion County Code, Sec. 281-233 ("ISA shall provide IT services to those local government subject agencies and … shall be the primary provider of services for the city, the county, the courts and all other approved users"). This requirement came about because a number of agencies acquired their own computers and software without thoroughly considering whether their systems integrated with those of other agencies. Dkt. 158-16, B. Thompson Decl. ¶ ¶ 3, 4. The problem sought to be avoided by coordinating and integrating the information-sharing technologies of the various agencies was experienced by the Sheriff when he went outside the system and acquired OMS on his own without properly investigating whether it worked with the Court's Odyssey technology. *Id*., ¶ 13.

The parties dispute whether the Sheriff vetted OMS. The Sheriff's chief administrative officer, Colonel Dezelan, testified that prior to acquiring OMS the Sheriff's Department received assurances from three IT people that OMS would work with Odyssey: Geneva Roembke, Marv Thornsberry, and Amitav Thamba. Dkt. 158-11, Dezelan Depo.21-22 ("They told me that the software was worth having, that it did have the linkage necessary to tie up to

link to Odyssey once Odyssey came on board, and generally gave us a feeling of comfort that OMS would be a good software to have."). Roembke and Thornsberry were with ISA or one of its contractors; Thamba is the Marion County Court's Chief Information Technology officer.

However, the class submitted evidence that all three of these individuals directly contradicted the Sheriff's representations and testified under oath that they did not vet OMS, never told the Sheriff's Department that OMS was compatible with Odyssey, and never recommended the software. Dkt. 158-10, Roembke Depo. 8  ("Q Were you at all involved in the vetting if there was any of OMS for the sheriff's department ? A No, I was not."); Dkt. 158-12, Thornsberry Depo. 19:14-16 ("Q And you weren't involved at all in evaluating whether OMS was going to interface with Odyssey? A No, I was not."); *id*., Thornsberry Depo. 20:22-24 ("Q Were you involved at all in determining whether OMS would interface with Odyssey? A No, I personally was not, no."). In fact, Ms. Roembke says she was not consulted at all, despite being the applications manager for the sheriff's department, first as a sheriff's employee for 27 years, with the last ten of those the sheriff's principal IT person, and then as an applications manager for ISA and its contractor Daniels and Associates, at all time maintaining her role as managing the Sheriff's software application needs. Dkt. 158-10, Roembke Depo. 5-8.

Mr. Thamba, the Court's IT head, testified that he attended one OMS demonstration put on by GTL and later told Col. Dezelan that "if that's the what you want to go with, you know, we'll figure a way out to send information to you." Dkt. 158-15, Thamba Depo. 89. However, the Sheriff's office never asked Mr. Thamba whether the two systems would work together, and Mr. Thamba did not make any recommendation to the Sheriff's office to acquire OMS. *Id*., Thamba Depo. 14-16. Mr. Thamba did not do any review or analysis of whether

OMS would integrate with or be compatible with Odyssey, and confirmed that such a review, usually conducted by ISA, *was essential* before any county agency acquired new software like OMS in order to avoid any integration problems. Dkt. 158-15, Thamba Depo. 15-16, 92. Mr. Thamba was unaware whether the Sheriff or ISA undertook any such analysis or review. *Id*. 92-93. Mr. Thamba testified that such an analysis was necessary "if you're making a monumental decision to purchase or acquire and implement software that's going to affect a lot of people and their liberty." *Id.,* Thamba Depo. 101. See also Dkt. 158- 9, Peterson Depo. 110 (unaware of any OMS-Odyssey compatibility study).

The evidence is sufficient for a reasonable trier of fact to conclude that despite knowing that it was necessary to determine whether OMS was compatible with Odyssey, the Sheriff nevertheless acquired the software without making any such determination.

The Sheriff also represented to the district court that the interface problems between its software and that of the court's was a surprise and not discovered until after OMS went live on June 6, 2014. Dkt. 116, Defs' Opp Class Cert Brief 6 ("After Odyssey went live on June 1, 2014, and JUSTIS was deactivated on July 1, 2014, the stakeholders began to realize that there were problems with the new system.").

However, the class discovered evidence that revealed that the Sheriff's Department was aware as early as 2013 that there were interface issues with OMS and the Court's Odyssey system. Dkt. 158-9, Peterson Depo. 32-33. The problem was that OMS was unable to receive the Court's Odyssey information, and GTL, the provider of OMS and its inmate telephone provider, was unable to fix it. *Id.,* Peterson Depo. 33-36. This required ISA and its contractor Daniels and Associates to attempt to build an interface between the two systems called Dexter. *Id.,* Peterson Depo. 32-33. The Department knew months before the go live date of June, 2014 that Dexter was not working. *Id.,* Peterson Depo. 35. It took approximately four to six months

after OMS went live in June, 2014, to get the system functioning, and the system still has limitations to this day, resulting in continued delayed releases. *Id.,* Peterson Depo. 53-57, 147; Dkt. 158-2, Cole Depo. 14-15, 17; Dkt. 158-7, Martin Depo. 23-24, Exs. 29 and 30.

When the Sheriff's office finally got around in March of 2015 to evaluating OMS, something it should have done <u>prior</u> to acquiring and utilizing it, the department determined that the software, even after all the workarounds and fixes which had been implemented for over a year while prisoners were delayed in the jail, *still* met only fifty percent (50%) of the business needs of the Sheriff's Department for information management. Dkt. 158-9, Peterson Depo. 53-57. It was simply reckless for the Sheriff to acquire and implement OMS without properly vetting it.

In contrast to GTL's OMS, the jail information management software offered by Tyler Technologies, which developed Odyssey, was "an integrated system that would address the needs and problems facing the Marion County Jail and Courts." Dkt. 158-9, Peterson Depo. 205, lines 7-17; Ex. 30. The Sheriff's IT officer Peterson thoroughly vetted the Tyler Technology product in March, 2015 and was enthusiastic and excited about the software and recommended it to the Sheriff as a way to solve the IT problems the department was still experiencing. *Id.,* Peterson Depo. 205, lines 7-17. Peterson recommended it in part because it would "decrease in holding defendants in jail after court ordered to be released." Dkt. 158-9, Peterson Depo. 207-208.

The Marion Superior Courts also reviewed the Odyssey jail information software component in April, 2015 and they too recommended that the Sheriff acquire it. Dkt. 158-9, and Dkt. 158-14, Peterson Depo. 206-208; Depo. Ex. 29 (Court's April 13, 2015 Correspondence to Sheriff Layton). The Courts advised the Sheriff that acquiring the integrated software would "help in ensuring proper and efficient information and data transfer

between the Court and the Sheriff's Office... and would result in a 'decrease in holding defendants in jail after court ordered to be released.'" Dkt. 158-9, Dkt. 158-14 and Ex. 29; Dkt. 158-9, Peterson Depo. 207, lines 8 -- Depo. 208, line 3; Dkt. 158-15, Thamba Depo. 17-19. The Court's IT Chief, Mr. Thamba, is still of the opinion that the Tyler Technology module would result in a decrease in the Sheriff's holding prisoners in jail after the courts have ordered them released. Dkt. 158-15, Thamba Depo. 19 (7/18/2016). The Sheriff has thus rejected the advice of his own chief IT person and of the Courts, and instead continues to use OMS, which delays the timely release of prisoners. The Sheriff's deliberate indifference to the class's liberty interests continues to this day.

The district court ignored all of this evidence of deliberate indifference, and simply reduced the class's challenge to OMS as if it complained only of "technical difficulties." This was wrong, and this Court should reverse this decision on appeal to permit the class to present its challenge to the Sheriff's policies and practices on the merits.

## VI.
## CONCLUSION

This case presents issues of class challenges to unreasonable policies and practices which result in extended detentions and which beg for appellate clarification. Petitioners respectfully request that the Court grant this petition for permission to appeal, set this appeal for full briefing on the merits, and ultimately reverse the district court's September 30, 2016, order denying class certification to detainees challenging the Sheriff's 72 hour detention practice and its decisions to acquire and to continue to use a computer system inadequate to accomplish the timely release of prisoners.

Dated: October 13, 2016                    Respectfully submitted,

                                            */s/ Richard A. Waples*
                                           Richard A. Waples
                                           **WAPLES & HANGER**
                                           410 N. Audubon Road
                                           Indianapolis, Indiana 46219
                                           TEL: (317) 357-0903
                                           FAX: (317) 357-0275
                                           EMAIL: rwaples@wapleshanger.com

                                           John P. Young
                                           **YOUNG & YOUNG**
                                           128 N. Delaware St. 3rd Floor
                                           Indianapolis, IN 46204
                                           TEL: (317) 639-5161
                                           TOLL FREE 1 (888) 639-5161
                                           Fax (317) 639-4978
                                           EMAIL: john@youngandyoungin.com

                                           **ATTORNEYS FOR PLAINTIFFS-
                                           PETITIONERS**


### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of this document was served on October 13,

2016, via electronic mail to:

        Anthony Overholt,
        aoverholt@fbtlaw.com

                                            */s/ Richard A. Waples*
                                           Richard A. Waples
                                           **WAPLES & HANGER**
                                           410 N. Audubon Road
                                           Indianapolis, Indiana 46219
                                           TEL: (317) 357-0903
                                           FAX: (317) 357-0275
                                           EMAIL: rwaples@wapleshanger.com

                                           **ATTORNEY FOR PLAINTIFFS-
                                           PETITIONERS**

EXHIBIT A

*Driver et al v. Marion County Sheriff et al*
No. 1:14-cv-02076-RLY-MJD
S.D. Ind.

Entry on Plaintiffs' Motion for Class Certification

Dkt. 171
Sept. 30, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL  DRIVER,<br>TERRY  CLAYTON,<br>MICHAEL BOYD,<br>NICHOLAS  SWORDS, and<br>ROY  SHOFNER, individually and as<br>representatives of a class of all similarly<br>situated individuals,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>MARION COUNTY SHERIFF, and<br>CONSOLIDATED CITY OF<br>INDIANAPOLIS AND MARION<br>COUNTY,<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)　　1:14-cv-02076-RLY-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ENTRY ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs, Michael Driver, Terry Clayton, Michael Boyd, Nicholas Swords, and

Roy Shofner, move to certify a class with five subclasses under Federal Rule of Civil

Procedure 23(a) and (b)(3).  For the reasons set forth below, the court **GRANTS in part**

and **DENIES in part** Plaintiffs' motion.

I.      **Background**

Plaintiffs bring a claim under 42 U.S.C. § 1983 ("Section 1983"), claiming the

policies and practices of the Marion County Sheriff caused them to be detained in the

Marion County Jail awaiting release for an unreasonably long period of time, in violation

of the Fourth Amendment.  For example, Mr. Driver was arrested on Saturday, December

13, 2014, for operating a motor vehicle while intoxicated, a Class C misdemeanor. (Filing No. 73-4, Affidavit of Michael Driver ("Driver Aff.") ¶ 7). His bond was set at $1,500. (*Id.* ¶ 9). On Monday, December 15, 2014, he appeared before the court for a reduction in bond. (*Id.* ¶ 10). The court granted the motion and he was released on his own recognizance. (*Id.* ¶ 13). Following the hearing, Sheriff's deputies returned him to the Jail for processing, but he was not released until Wednesday, December 17, 2014, at approximately 6:00 p.m. (*Id.* ¶¶ 13-15). According to Mr. Driver, it was "common knowledge among the inmate population . . . that the Sheriff took up to seventy-two (72) hours or even longer to release prisoners." (*Id.* ¶ 16).

Mr. Clayton was a pretrial detainee at the Jail from May 28, 2014 to December 10, 2014. (Filing No. 73-16, Affidavit of Terry Clayton ("Clayton Aff.") ¶ 7). Following a jury trial on Wednesday, December 10, 2014, he was found not guilty around 11:30 p.m. that day. (*Id.* ¶¶ 9-10). The judge entered an order for his immediate release. (*Id.* ¶ 11). Sheriff's deputies returned him to the Jail, and he was not released until Friday, December 12, at approximately 4:00 p.m. (*Id.* ¶ 13). Mr. Clayton complained about the delay, but "was told by correctional officers and a correctional sergeant that the jail had 72 hours to release inmates." (*Id.* ¶ 14).

Mr. Boyd pled guilty to a charge of operating a vehicle while intoxicated on November 20, 2014. (Filing No. 73-5, Affidavit of Michael Boyd ("Boyd Aff.") ¶ 8). He was sentenced to ten days in the Jail, but with good time credit, he would actually serve five days. (*Id.* ¶ 9). His sentence was to begin immediately after the conclusion of the plea hearing and was to end on November 24. (*Id.* ¶ 11). On November 24, he

complained that he was not released, but his complaints were ignored.  (*Id.* ¶ 15).  Marion

Superior Court staff intervened, and he was released on November 26.  (*Id.* ¶ 20).

Mr. Swords was arrested and charged with two misdemeanor charges of operating

a motor vehicle while intoxicated on December 10, 2014.  (Filing No. 73-6, Affidavit of

Nicholas Swords ("Swords Aff.") ¶ 8).  A judge set his bond at $150.  (*Id.* ¶ 9).  His

cousin paid the bond on December 12, and was told not to wait around "because it would

take 'up to 72 hours' for the Sheriff to release [him]."  (*Id.* ¶ 15).  Mr. Swords was not

released until December 15.  (*Id.* ¶ 21).

Lastly, Mr. Shofner pled guilty to driving while intoxicated and was sentenced to

nine days in the Marion County Jail, beginning on February 4, 2015.  (Filing No. 73-7,

Affidavit of Roy Shofner ("Shofner Aff.") ¶ 8).  At the conclusion of his jail sentence on

February 12, Mr. Shofner was to begin a sentence of electronic monitoring/home

detention by Marion County Community Corrections.  (*Id.* ¶ 9).  He was scheduled to

return to work on Friday, February 13.  (*Id.* ¶ 13).  Instead of being released on February

12, he remained incarcerated until February 17.  (*Id.* ¶ 14).  When he "complained about

[his] over-incarceration to the correctional officers holding [him], [he] was told that the

Sheriff had 72 hours to release inmates."  (*Id.* ¶ 18).

The Plaintiffs claim their illegal detention is the result of various policies and

practices instituted by the Sheriff, which include: (1) "operating under a standard of

seventy-two hours to release prisoners who are ordered released" (Filing No. 38, Third

Amended Complaint ¶ 87); (2) the "employment of a computer system inadequate for the

purposes intended with respect to the timely release of prisoners" (*id.* ¶ 88); (3) "re-

arresting and imprisoning individuals who are released on their own recognizance, found not guilty or acquitted, or who have had their criminal charges vacated or dismissed" (*id.* ¶ 89); (4) "not accepting cash or surety bonds but instead outsourcing the payment and processing of these bonds to the Marion County Clerk" (*id.* ¶ 90); and (5) "not releasing inmates at the conclusion of their sentences, but rather keeping them in jail until Community Corrections[1] is 'ready' to process them as a group" (*id.* ¶ 84).  They seek to certify a class of all individuals who, from December 19, 2012, to the present, were held in confinement by the Sheriff after legal authority for those detentions ceased.  They also seek to certify five subclasses based on each of the five alleged policies and practices set forth above.

## II.      Rule 23 Requirements

Class action suits are governed by Federal Rule of Civil Procedure 23.  A party seeking class certification bears the burden of establishing that certification is appropriate.  *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).  The decision whether to grant or deny a motion for class certification lies within the broad discretion of the trial court.  *Id.*

Rule 23 prescribes a two-step analysis to determine whether class certification is appropriate.  First, a plaintiff must satisfy Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation.  *Clark v. Experian Info. Sols., Inc.*, 256 Fed. Appx. 818, 821 (7th Cir. 2007); *Williams v. Chartwell Fin. Serv., Ltd.*, 204

---

[1] In their Motion for Class Certification, the Plaintiffs narrowed the subclass to those released to Community Corrections for electronic monitoring.

F.3d 748, 760 (7th Cir. 2000).  The failure to meet any one of these requirements

precludes certification of a class.  *Retired Chicago Police Ass'n*, 7 F.3d at 596.  Second,

the action must also satisfy one of the conditions of Rule 23(b).  *Clark*, 256 Fed. Appx. at

821; *Williams*, 204 F.3d at 760.  Plaintiffs seek certification under Rule 23(b)(3), which

permits class certification if "questions of law or fact common to class members

predominate over any questions affecting only individual members" and class resolution

is "superior to other available methods for failure and efficiently adjudicating the

controversy."

Under the predominance requirement of Rule 23(b)(3), common questions of law

or fact must predominate; in other words, there must be a common nucleus of operative

facts applicable to the entire class.  *Messner v. Northshore Univ. Healthsystem*, 669 F.3d

802, 815 (7th Cir. 2012).  The *Messner* court explained:

> If, to make a prima facie showing on a given question, the members of a
> proposed class will need to present evidence that varies from member to
> member, then it is an individual question.  If the same evidence will suffice
> for each member to make a prima facie showing, then it becomes a common
> question.

*Id.* (quoting *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005)).

An analysis of the predominance requirement of Rule 23(b)(3) begins with the

elements of the underlying cause of action.  *Id.*  A Section 1983 *Monell* claim requires the

Plaintiffs to establish that: (1) they have suffered a violation of a constitutional right and

(2) the constitutional violation was caused by (i) an express municipal policy; (ii) a

widespread, though unwritten, custom or practice; or (iii) a decision by a municipal agent

with "final policymaking authority."  *Milestone v. City of Monroe, Wis.*, 665 F.3d 774,

5

780 (7th Cir. 2011) (citing *Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 662, 629 (7th Cir. 2009)).

## III.   Discussion

Defendants oppose Plaintiffs' motion for class certification primarily because, they argue, individual questions predominate over class questions.  Fed. R. Civ. P. 23(b).  To give context to their specific argument, the court will provide a brief overview of the applicable law.

### A.   Cases Addressing Length of Detention

In *Gerstein v. Pugh*, 420 U.S. 103 (1975), the Supreme Court held that an officer's "on-the-scene assessment of probable cause" justifies an arrest and "a brief period of detention to take the administrative steps incident to arrest."  *Id.* at 113-14.  But "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty."  *Id.* at 114.  "[T]his [judicial] determination must be made . . . promptly after arrest."  *Id.* at 125.  In *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), the Supreme Court clarified how "promptly" a judge must review the allegations, holding that a judicial determination of probable cause within 48 hours of arrest is presumptively reasonable.  *Id.* at 56.  A delay of more than 48 hours is presumed unreasonable, and the government bears the burden of showing the existence of a bona fide emergency or other extraordinary circumstance.  *Id.* at 57.  Ultimately, "the constitutionality of [any] detention depends on whether the length of delay between the time the Sheriff was notified that [the detainee should be released] and the time the

detainee was released was reasonable." *Harper v. Sheriff of Cook Cnty.*, 581 F.3d 511, 515 (7th Cir. 2009).

With respect to class certification based on the constitutionality of the length of detention, two Seventh Circuit decisions guide the court's analysis. The first of these is *Harper*, *supra*. There, the Seventh Circuit reversed a district court's class certification of detainees who challenged the length of delay between the time bond was posted and the time that the detainee was released. *Id.* at 515. The court reasoned that the constitutionality of the detentions at issue depended on whether the length of the delay before the detainee's release was reasonable in any given case. *Id.* This determination depended on "how long each detainee was held after bond was posted and what justifications there might be for the delay on that particular day or for that particular detainee." *Id.* After noting various justifications that might exist for any given delay, it found that "[l]iability, to say nothing of damages, would need to be determined on an individual basis." *Id.* Thus, the court reasoned, "common issues do not predominate over individual issues, making this case inappropriate for class disposition." *Id.*

In the second, *Portis v. City of Chicago*, 613 F.3d 702 (7th Cir. 2010), the Seventh Circuit reversed a district court's decision to certify a Rule 23(b)(3) class in a case challenging the Chicago Police Department's allegedly unconstitutional detention of individuals detained for non-jailable offenses. *Id.* at 705. The plaintiffs argued that taking more than two hours to process and release those individuals constituted an unreasonable detention in violation of the Fourth Amendment. *Id.* The Seventh Circuit held that the district court erred in prescribing a two-hour limit to this process, and that

7

the plaintiffs needed to show "that any particular detention was excessive." *Id.* at 705.  In determining whether a particular detention was excessive, the court would need to examine both the length of a given detention and the reasons why release was deferred. *Id.*  Citing *Harper*, the court held that "common issues do not predominate."  *Id.*

## B.    Merits

According to Defendants, because Plaintiffs challenge the length of their detention after a court ordered them released from custody, Plaintiffs' motion for class certification is foreclosed by *Harper* and *Porter*.  But as Plaintiffs correctly observe, *Harper* left open the possibility for plaintiffs in an "over-detention" case to obtain class certification so long as their challenge is to the constitutionality of common policies and practices that result in unreasonably long detentions.  *See Harper*, 581 F.3d at 514 ("Failing to take issue with any particular intake procedure, Harper is left with a claim that the Sheriff is unconstitutionally holding detainees after bond has been posted."); *see also Otero v. Dart*, 306 F.R.D. 197, 203-04 (N.D. Ill 2014) (certifying class where definition and claims were modified to "focus on a specific detention procedure, rather than the length of detention"); *Donovan v. St. Joseph Cnty. Sheriff*, No. 3:11-cv-133-TLS, 2012 WL 1601314, at *7 (N.D. Ind. May 3, 2012) (certifying prisoner class because "[t]he overriding legal issue is whether the Defendant had a policy, practice, or custom in place that accounted for the length of the class members' detention").

Defendants respond that Plaintiffs' case cannot be certified on that ground because the alleged policies or practices they rely upon do not exist, or to the extent they do exist, they are constitutional and not the cause of any constitutional violations allegedly

8

experienced by the proposed class. "[A]s a general principle, a court is not allowed to engage in analysis of the merits in order to determine whether a class action may be maintained." *Retired Chicago Police Ass'n*, 7 F.3d at 598; *see also Messner*, 669 F.3d at 811 ("In conducting [the Rule 23] analysis, the court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits."). Arguing the existence and constitutionality of the Sheriff's alleged policies and practices inappropriately touches upon the merits of Plaintiffs' Section 1983 *Monell* claims. Therefore, the court will focus its analysis on the propriety of class certification with respect to each of the five subclasses. *See Johnson v. Meriter Health Servs. Employee Retirement Plan*, 702 F.3d 364, 368 (7th Cir. 2012) (court applies Rule 23 requirements to each subclass). As noted by the *Johnson* court, "one can . . . think of this class action as actually [5] separate class actions and apply the standard in Rule 23(b)[(3)] to each of them." *Id.* at 368-69.

### 1.    72-Hour Release

First, Plaintiffs seek to certify a subclass based on the Sheriff's policy, practice, or custom of allowing Jail staff to hold inmates for up to 72 hours before releasing them. The problem with this subclass is twofold. First, the way the subclass is defined presupposes that some members of the class were detained less than 48 hours and others were detained more than 48 hours. But as noted above, the 48-hour line between the time one is ordered released from custody and the time he is released determines the reasonableness of a particular detention; less than 48 hours is presumptively reasonable and more than 48 hours is presumptively unreasonable. *McLaughlin*, 500 U.S. at 56-57.

9

Thus, those within the class would be subject to two different burdens of proof.  Second, a number of variables such as staffing levels during the time the inmate was to be processed; the number of holds on the inmate; the extent of the inmate's criminal history; the number of aliases used by the inmate; and whether there are any unusual circumstances present at the time the inmate is to be processed such as internet outages; can complicate the timing of a detainee's release.  Accordingly, common issues amongst the members of the subclass do not predominate.  Certification of this subclass is therefore **DENIED**.

### 2.      Outsourcing Payment and Processing of Bonds

Second, Plaintiffs seek to certify a subclass based upon the Sheriff's policy or practice of "not accepting cash or surety bonds but instead outsourcing the payment and processing of these bonds to the Marion County Clerk."  This policy or practice, they claim, led to an increase in processing times in violation of the Fourth Amendment.  Defendants respond that the Sheriff has never been involved in the payment and processing of bonds because, by statute, the payment and processing of bonds belongs to the Marion County Clerk.  Ind. Code § 35-33-8-3.2(a)(1)(A) and (a)(2)(A).  Plaintiffs did not reply to this argument, and appear to have conceded that this subclass should not be certified.  (*See* Filing No. 157, Plaintiffs' Reply, at 35 (omitting this subclass from the subclasses they seek to certify)).  Certification of this subclass is therefore **DENIED**.

### 3.    Employing an Inadequate Computer System

Third, Plaintiffs seek to certify a subclass based on the Sheriff's "employ[ment] of a computer system inadequate for the purposes intended with respect to the timely release of prisoners."

The computer system of which they complain is known as the Offender Management System ("OMS").  The Sheriff chose OMS as the means to integrate the Jail's IT functions with Odyssey—the Marion Superior Court's new electronic case management system which went "live" on June 1, 2014.  (Filing No. 119, Declaration of Derek Peterson ¶¶ 11-12, 14).  OMS was beset with technical issues, the most significant of which was its inability to interface with DEXTER, the computerized transfer system that would allow the various computer programs used by the stakeholders—the Indianapolis Metropolitan Police Department, the Marion County Sheriff's Office ("MCSO"), the Public Defender's Office, Community Corrections, and the Prosecutor's Office—to exchange information with each other on Odyssey.  (*Id*. ¶ 13).  As a result, the MCSO did not receive electronic court information when the new system went live.  (*Id*. ¶ 14).  This technical issue required the MCSO to rely upon automated reports from Odyssey sent from the Courts on an hourly basis, that listed all of the event codes—e.g., setting of bond—regardless of custody status.  (*Id.*).  Those codes were then manually updated and processed by MCSO staff.  (*Id.*).  The MCSO also had to rely on emails, paper records, faxes, and telephone calls to gather information to make release decisions.  (*Id.*; Filing No. 116-3, Deposition of Tammy Wood at 12-13, 41).  Suffice it to say that release times increased.

As the court understands the subclass, it consists of all individuals who, from December 19, 2012 to the present, were victims of the computer issues spawned by OMS.  To certify a class, however, the plaintiff must establish "that the class is indeed identifiable."  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).  In other words, "the description of a class [must be] sufficiently definite to permit ascertainment of the class members."  *Alliance to End Repression v. Rockford*, 565 F.2d 975, 977 (7th Cir. 1977).  The definition of the subclass that Plaintiffs advance is problematic because the technical issues plaguing OMS is one of the overriding *reasons* for the over-detention of the *entire* class.  As such, the court is not convinced it is a policy or practice from which this subclass can be anchored.  Certification of this subclass is therefore **DENIED**.

### 4.     Re-arresting and Imprisoning Individuals

Next, Plaintiffs seek to certify a class based on the Sheriff's policy of re-arresting and imprisoning individuals who are released on their own recognizance, found not guilty or acquitted, or who have had their criminal charges vacated or dismissed.  Defendants respond that these inmates are not re-arrested or re-imprisoned; rather, they are returned to the Jail for processing.  If no other holds exist, Defendants claim, the inmate will be released.  Because Defendants do not deny that members of the subclass were returned to the Jail after a court ordered their release, Defendants' alleged practice is common to the subclass.  *See* Fed. R. Civ. P. 23(a)(2).  The question of the constitutionality of this practice is also common to the subclass.

The court further finds the subclass meets Rule 23(b)(3)'s predominance requirement as a "'common nucleus of operative facts and issues' underlies the claims

brought by the proposed class." *Messner*, 669 F.3d at 815 (quoting *In re Nassau Cnty.*

*Strip Search Cases*, 461 F.3d 219, 228 (2d Cir. 2006)).  Certification of this subclass is

therefore **GRANTED**.

### 5.  Keeping Inmates Imprisoned Who the Courts Released to Community Corrections for Electronic Monitoring

Lastly, Plaintiffs seek to certify a subclass based on the Sheriff's policy of keeping

inmates imprisoned after the courts have released them to Community Corrections for

electronic monitoring.  The representative of this subclass, Mr. Shofner, testified by

affidavit that, after he served the jail portion of his sentence, the Jail did not release him

to report to Community Corrections.  (Shofner Aff. ¶ 16).  He was told the Jail keeps

inmates until Community Corrections is ready to process a group of such individuals

because in the past, some inmates failed to report.  (*Id.* ¶¶ 16, 19).  Defendants do not

deny the existence of this policy.  Instead, they offer the affidavit of John Dieter, the

Director of Marion County Community Corrections, who said that due to Jail population

pressures, Community Corrections has employed the services of its electronic detention

equipment vendor to "provid[e] inmates with electronic detention equipment after hours

and on weekends to get those inmates out of the Jail sooner."  (Filing No. 117,

Declaration of John Dieter ¶ 7).  The application of the policy to the subclass and the

constitutionality of the policy are questions common to the subclass.  The court therefore

finds the subclass meets not only the commonality requirement, but also the

predominance requirement of Rule 23(b)(3).  Certification of this subclass is therefore

**GRANTED**.

**IV.     Conclusion**

Plaintiffs' Motion for Class Certification is **GRANTED in part** and **DENIED in part** (Filing No. 71).  Plaintiffs' motion is **GRANTED** with respect to the subclasses defined as:  All individuals who, from December 19, 2012, to the present, were held in confinement by the Sheriff after legal authority for those detentions ceased due to the Sheriff's policies or practices of: (1) re-arresting and imprisoning individuals who are released on their own recognizance, found not guilty or acquitted, or who have had their criminal charges vacated or dismissed; and (2) keeping inmates imprisoned who the courts have released to Community Corrections for electronic monitoring.

Plaintiffs' motion is **DENIED** with respect to the subclasses defined as:  All individuals who, from December 19, 2012, to the present, were held in confinement by the Sheriff after legal authority for those detentions ceased due to the Sheriff's policies or practices of: (1) operating under a standard of 72 hours to release prisoners who are ordered released; (2) not accepting cash or surety bonds but instead outsourcing the payment and processing of these bonds to the Marion County Clerk; and (3) employing a computer system inadequate for the purposes intended with respect to the timely release of prisoners.

**SO ORDERED** this 30th day of September 2016.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

14

Distributed Electronically to Registered Counsel of Record.

# U.S. District Court
## Southern District of Indiana (Indianapolis)
## CIVIL DOCKET FOR CASE #: 1:14-cv-02076-RLY-MJD

DRIVER et al v. MARION COUNTY SHERIFF
Assigned to: Judge Richard L. Young
Referred to: Magistrate Judge Mark J. Dinsmore
Case in other court: 7th Circuit, 16-01176 - Mandate
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 12/19/2014
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**MICHAEL DRIVER**
*individually and as representatives of a*
*class of all similarly situated individuals*

represented by **John P. Young**
YOUNG & YOUNG
128 North Delaware Street
Third Floor
Indianapolis, IN 46204
(317) 639-5161
Fax: (317) 639-4978
Email: john@youngandyoungin.com
*ATTORNEY TO BE NOTICED*

**Richard A. Waples**
WAPLES & HANGER
410 N. Audubon Road
Indianapolis, IN 46219
(317)357-0903
Fax: (317)357-0275
Email: rwaples@wapleshanger.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**TERRY CLAYTON**
*individually and as representatives of a*
*class of all similarly situated individuals*

represented by **John P. Young**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard A. Waples**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MICHAEL BOYD**
*individually and as representatives of a*
*class of all similarly situated individuals*

represented by **John P. Young**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard A. Waples**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NICHOLAS SWORDS** John P. Young
*individually and as representatives of a*               (See above for address)
*class of all similarly situated individuals*            *ATTORNEY TO BE NOTICED*

                                     **Richard A. Waples**
                                     (See above for address)
                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ROY SHOFNER**                   represented by   **John P. Young**
*individually and as representatives of a*               (See above for address)
*class of all similarly situated individuals*            *ATTORNEY TO BE NOTICED*

                                     **Richard A. Waples**
                                     (See above for address)
                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MARION COUNTY SHERIFF**          represented by   **Anthony W. Overholt**
                                     FROST BROWN TODD LLC
                                     201 North Illinois Street, Suite 1900
                                     P.O. Box 44961
                                     Indianapolis, IN 46244-0961
                                     (317) 237-3800
                                     Fax: (317) 237-3900
                                     Email: aoverholt@fbtlaw.com
                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**CONSOLIDATED CITY OF**            represented by   **Anthony W. Overholt**
**INDIANAPOLIS AND MARION**                      (See above for address)
**COUNTY**                                          *ATTORNEY TO BE NOTICED*

**Interested Party**

**AMITAV THAMBA**                  represented by   **Richard G. McDermott**
                                     OFFICE OF CORPORATION COUNSEL
                                     CITY OF INDIANAPOLIS
                                     200 East Washington Street
                                     Room 1601
                                     Indianapolis, IN 46204
                                     317-327-4055
                                     Fax: 317-327-3968
                                     Email: rmcdermo@indygov.org
                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/19/2014 | 1 | COMPLAINT against THE MARION COUNTY SHERIFF, filed by All Plaintiffs. (Filing fee $400, receipt number 0756-3293099) (Attachments: # 1 Proposed Summons, # 2 Civil Cover Sheet)(Waples, Richard) (Entered: 12/19/2014) |

| | | |
|---|---|---|
| 12/19/2014 | | NOTICE of Appearance by Richard A. Waples on behalf of Plaintiffs TERRY CLAYTON, MICHAEL DRIVER. (Waples, Richard) (Entered: 12/19/2014) |
| 12/19/2014 | 3 | NOTICE of Appearance by John P. Young on behalf of Plaintiffs TERRY CLAYTON, MICHAEL DRIVER. (Young, John) (Entered: 12/19/2014) |
| 12/22/2014 | 4 | Summons Issued as to MARION COUNTY SHERIFF. (NRN) (Entered: 12/22/2014) |
| 12/22/2014 | 5 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (NRN) (Entered: 12/22/2014) |
| 12/23/2014 | 6 | NOTICE of Appearance by Anthony W. Overholt on behalf of Defendant MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 12/23/2014) |
| 01/05/2015 | 7 | RETURN of Service by CMRRR, filed by MICHAEL DRIVER, TERRY CLAYTON. MARION COUNTY SHERIFF served on 12/23/2014. (Attachments: # 1 Certified Mail Card)(Waples, Richard) (Entered: 01/05/2015) |
| 01/08/2015 | 8 | NOTICE of Appearance by Adriana Katzen on behalf of Defendant MARION COUNTY SHERIFF. (Katzen, Adriana) (Entered: 01/08/2015) |
| 01/09/2015 | 9 | NOTICE of Parties' First Extension of Time, filed by Defendant MARION COUNTY SHERIFF. (Katzen, Adriana) (Entered: 01/09/2015) |
| 01/09/2015 | 10 | SCHEDULING ORDER: The Initial Pretrial Conference is set for 2/24/2015 at 9:00 AM in room #257, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Mark J. Dinsmore. SEE ORDER FOR DETAILS. Signed by Magistrate Judge Mark J. Dinsmore on 1/9/2015. (BGT) (Entered: 01/09/2015) |
| 01/14/2015 | 11 | DISCOVERY *Notice of Service of Discovery Requests*, filed by Plaintiffs TERRY CLAYTON, MICHAEL DRIVER.(Young, John) (Entered: 01/14/2015) |
| 02/09/2015 | 12 | AMENDED COMPLAINT against MARION COUNTY SHERIFF, filed by MICHAEL DRIVER, TERRY CLAYTON.(Waples, Richard) (Entered: 02/09/2015) |
| 02/20/2015 | 13 | *Agreed* CASE MANAGEMENT PLAN TENDERED, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, NICHOLAS SWORDS . (Waples, Richard) (Entered: 02/20/2015) |
| 02/23/2015 | 14 | Unopposed MOTION for Extension of Time to 03/09/2015 *to File Answer*, filed by Defendant MARION COUNTY SHERIFF. (Attachments: # 1 Text of Proposed Order Granting Enlargement of Time to Answer)(Overholt, Anthony) (Entered: 02/23/2015) |
| 02/24/2015 | 15 | ORDER granting 14 Motion for Extension of Time. Defendant is granted an enlargement of time to and including March 9, 2015 in which to answer or otherwise respond to Plaintiffs' Amended Complaint. Signed by Magistrate Judge Mark J. Dinsmore on 2/24/2015. (MGG) (Entered: 02/25/2015) |
| 02/27/2015 | 16 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Initial Pretrial Conference held on 2/24/2015. The Court will approve the Case Management Plan, by separate order, with the changes to which the parties have agreed. Plaintiffs report they intend to move shortly to amend to complaint to add another sub-class. Settlement Conference set for 3/18/2016 at 09:00 AM in room #257, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Mark J. Dinsmore. Status Conference set for 4/16/2015 at 03:00 PM in Telephonic before Magistrate Judge Mark J. Dinsmore. *see order for additional information adn deadlines*. Signed by Magistrate Judge Mark J. Dinsmore. (NLR) (Entered: 02/27/2015) |
| 02/27/2015 | 17 | ORDER: CASE MANAGEMENT PLAN APPROVED AS AMENDED. Discovery due by 3/18/2016. Dispositive Motions due by 4/18/2016. Signed by Magistrate Judge Mark |

| 03/02/2015 | 18 | NOTICE of Appearance by Richard A. Waples on behalf of Plaintiffs MICHAEL BOYD, NICHOLAS SWORDS. (Waples, Richard) (Entered: 03/02/2015) |
| 03/03/2015 | 19 | NOTICE of Appearance by John P. Young on behalf of Plaintiffs MICHAEL BOYD, NICHOLAS SWORDS. (Young, John) (Entered: 03/03/2015) |
| 03/09/2015 | 20 | CERTIFICATE OF SERVICE re 19 NOTICE of Appearance by John P. Young on behalf of Plaintiffs MICHAEL BOYD, NICHOLAS SWORDS. (Young, John) Modified on 3/10/2015 (NRN). (Entered: 03/09/2015) |
| 03/24/2015 | 21 | AMENDED COMPLAINT *Second* against MARION COUNTY SHERIFF, filed by All Plaintiffs.(Waples, Richard) (Entered: 03/24/2015) |
| 03/24/2015 | 22 | NOTICE of Appearance by Richard A. Waples on behalf of Plaintiff ROY SHOFNER. (Waples, Richard) Modified on 3/25/2015 (NRN). (Entered: 03/24/2015) |
| 03/26/2015 | 23 | NOTICE of Appearance by John P. Young on behalf of Plaintiff ROY SHOFNER. (Young, John) (Entered: 03/26/2015) |
| 04/02/2015 | 24 | NOTICE of Service of Initial Disclosures , filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Waples, Richard) (Entered: 04/02/2015) |
| 04/07/2015 | 25 | ANSWER to 21 Amended Complaint *Second*, filed by MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 04/07/2015) |
| 04/08/2015 | 27 | Exhibit List *Preliminary*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Waples, Richard) (Entered: 04/08/2015) |
| 04/08/2015 | 28 | Witness List *Preliminary*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Waples, Richard) (Entered: 04/08/2015) |
| 04/14/2015 | 29 | NOTICE of Appearance by Amanda J. Dinges on behalf of Defendant MARION COUNTY SHERIFF. (Dinges, Amanda) (Entered: 04/14/2015) |
| 04/15/2015 | 30 | Witness List , filed by Defendant MARION COUNTY SHERIFF, Exhibit List , filed by Defendant MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 04/15/2015) |
| 04/20/2015 | 31 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Status Conference held on 4/16/2015. Counsel for Plaintiff reports they will be moving to amend the complaint. The parties further report on the status of discovery and Plaintiff reports issues with Defendant's responses to discovery. Discovery Conference set for 4/21/2015 at 01:00 PM in room #257, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Mark J. Dinsmore.*see order for additional information*. Signed by Magistrate Judge Mark J. Dinsmore. (NLR) (Entered: 04/20/2015) |
| 04/21/2015 | 32 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Discovery Conference held on 4/21/2015. The parties discussed issues Plaintiffs have with Defendant's written discovery responses. On or before May 13, 2015 the parties shall confer, complete and file an ESI Supplement to the Report of the Parties' Planning Meeting (as found on the Court's website at www.insd.uscourts.gov/Judges/CMP_info.htm). Discovery Conference set for 5/19/2015 at 09:00 AM in room #257, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Mark J. Dinsmore. *see order for additional |

| | | |
|---|---|---|
| | | Case 1:16-... * Signed by Magistrate Judge Mark J. Dinsmore. Page 56 Modified on 4/23/2015 (NRN). (Entered: 04/22/2015) |
| 05/04/2015 | 33 | NOTICE of Service of Initial Disclosures , filed by Defendant MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 05/04/2015) |
| 05/05/2015 | 34 | Unopposed MOTION to Amend/Correct 1 Complaint , filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Attachments: # 1 Third Amended Complaint, # 2 Text of Proposed Order, # 3 Proposed Summons)(Waples, Richard) (Entered: 05/05/2015) |
| 05/11/2015 | 35 | MOTION to Transfer Case to Indiana Supreme Court, filed by B.A. CORLEY. (Attachments: # 1 Envelope)(NRN) (Entered: 05/12/2015) |
| 05/12/2015 | 36 | MOTION to Withdraw Attorney Appearance *of Adriana Katzen*, filed by Defendant MARION COUNTY SHERIFF. (Attachments: # 1 Text of Proposed Order)(Dinges, Amanda) (Entered: 05/12/2015) |
| 05/13/2015 | 37 | ORDER - granting 34 Motion for Leave to File Third Amended Complaint; GRANTS the motion pursuant to Fed. R. Civ. Pro. 15(a)(2) and Local Rule S.D. 15-1, and ORDERS that Plaintiff is granted leave to file the Third Amended Complaint. The Clerk is directed to file Plaintiff's Third Amended Complaint [Dkt. 34-1] as of the date of this order. The Court further directs the Clerk to issue the Summons to the new defendant, a copy of which was attached to Plaintiffs' Motion Dkt. 34 . Signed by Magistrate Judge Mark J. Dinsmore on 5/13/2015. (CKM) (Entered: 05/13/2015) |
| 05/13/2015 | 38 | THIRD AMENDED COMPLAINT against MARION COUNTY SHERIFF, CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, filed by MICHAEL DRIVER, MICHAEL BOYD, NICHOLAS SWORDS, ROY SHOFNER, TERRY CLAYTON. c/s(CKM) Modified on 5/14/2015 (NRN). (Entered: 05/13/2015) |
| 05/13/2015 | 39 | Summons Issued as to CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY. (CKM) Modified on 5/14/2015 (NRN). (Entered: 05/13/2015) |
| 05/15/2015 | 40 | Submission *of Parties' ESI Supplement Plan*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Waples, Richard) (Entered: 05/15/2015) |
| 05/15/2015 | 41 | ORDER granting 36 Motion to Withdraw Attorney Appearance. Attorney Adriana Katzen is withdrawn. Signed by Magistrate Judge Mark J. Dinsmore on 5/15/2015. (MGG) (Entered: 05/15/2015) |
| 05/18/2015 | 42 | NOTICE of Appearance by Matthew C. Boldt on behalf of Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Boldt, Matthew) (Entered: 05/18/2015) |
| 05/18/2015 | 43 | NOTICE of Appearance by Pamela G. Schneeman on behalf of Defendant CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY. (Schneeman, Pamela) (Entered: 05/18/2015) |
| 05/19/2015 | 44 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Discovery Conference held on 5/19/2015. The Court and parties discussed the proposed electronic discovery plan. With the agreement of the parties, the approved Case Management Plan [Dkt. 17] is hereby amended as follows:II. Jurisdiction and Statement of Claims C. On or before August 22, 2016, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. Discovery due by 8/8/2016. Dispositive Motions due by 9/8/2016. *SEE ORDER FOR ADDITIONAL |

| | | |
|---|---|---|
| | | Case 1:14-cv-01274-SEB-MJD Document 69 Filed 10/14/16 Page 57 of 68 INFORMATION AND DEADLINES. Discovery Conference set for 6/9/2015 at 01:30 PM in room #257, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Mark J. Dinsmore. Signed by Magistrate Judge Mark J. Dinsmore. (NLR) Modified on 5/21/2015 (NRN). (Entered: 05/20/2015) |
| 05/21/2015 | 45 | RETURN of Service by CMRRR, filed by All Plaintiffs. CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY served on 5/19/2015. (Attachments: # 1 Certified Mail Card)(Waples, Richard) (Entered: 05/21/2015) |
| 06/04/2015 | 46 | Unopposed MOTION for Continuance *of the June 9, 2015, ESI Conference*, filed by Defendant CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY. (Attachments: # 1 Text of Proposed Order)(Schneeman, Pamela) (Entered: 06/04/2015) |
| 06/04/2015 | 47 | NOTICE of Parties' First Extension of Time, filed by Defendant CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY. (Schneeman, Pamela) (Entered: 06/04/2015) |
| 06/08/2015 | 48 | ORDER granting 46 Motion for Continuance. The Court, having considered the City-County's unopposed motion to continue the June 9, 2015, ESI conference and being duly advised in the premises, now grants said motion. The June 9, 2015, ESI conference is thus VACATED. The Court will conduct a telephonic status conference on June 9, 2015 at 1:30 p.m. to discuss a mutually agreeable date on which the ESI conference can be rescheduled. Counsel shall attend the status conference by calling the designated telephone number, to be provided by the Court via email generated by the Court's ECF system.Signed by Magistrate Judge Mark J. Dinsmore on 6/8/2015.(NLR) (Entered: 06/08/2015) |
| 06/08/2015 | 50 | ANSWER to 38 Amended Complaint *Third*, filed by MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 06/08/2015) |
| 06/09/2015 | 51 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Status Conference held on 6/9/2015. The parties discussed a mutually convenient date to reschedule the in person ESI conference. Counsel for Plaintiff reported that there remains several other discovery issues. The parties are to meet and confer and on or before June 26, 2015 they are to e-mail the Court at MJDinsmore@insd.uscourts.gov, and a copy to each other, a brief outline of any remaining discovery disputes, their respective positions on the issues and any other documents they would like the Court to review in advance of the in-person conference. In person conference set for 6/29/2015 at 02:00 PM in room #257, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Mark J. Dinsmore. *see order for additional information* Signed by Magistrate Judge Mark J. Dinsmore. (NLR) (Entered: 06/09/2015) |
| 06/19/2015 | 52 | MOTION for Protective Order , filed by Defendant MARION COUNTY SHERIFF. (Attachments: # 1 Text of Proposed Order Stipulated Protective Order)(Overholt, Anthony) (Entered: 06/19/2015) |
| 06/22/2015 | 53 | ORDER approving as amended 52 Motion for Protective Order. Signed by Magistrate Judge Mark J. Dinsmore on 6/22/2015. (CBU) (Entered: 06/22/2015) |
| 06/25/2015 | 54 | NOTICE of Appearance by Daniel Bowman on behalf of Defendant CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY. (Bowman, Daniel) (Entered: 06/25/2015) |
| 07/01/2015 | 55 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Discovery Conference held on 8/12/2015. The parties discussed the status of their electronic discovery plan. Discovery Conference set for 8/12/2015 at 02:00 PM in room #257, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before |

Case 1:14-cv-01868-RLY-MJD Magistrate Judge Mark J. Dinsmore. *see order for additional information* Signed by Magistrate Judge Mark J. Dinsmore. (NLR) (Entered: 07/01/2015)

| 07/07/2015 | 56 | NOTICE of Withdrawal of Appearance by *Pamela G. Schneeman* on behalf of CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY (Schneeman, Pamela) (Entered: 07/07/2015) |
|---|---|---|
| 07/07/2015 | 57 | *Defendant's* ANSWER to 38 Amended Complaint , filed by CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY.(Bowman, Daniel) (Entered: 07/07/2015) |
| 07/07/2015 | 58 | DEMAND for Trial by Jury, filed by Defendant CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY. (Bowman, Daniel) (Entered: 07/07/2015) |
| 07/28/2015 | 59 | Notice of Service of Discovery Request to Defendant City of Indianapolis and Marion County, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS.(Young, John) Modified on 7/29/2015 (TMB). (Entered: 07/28/2015) |
| 07/28/2015 | 60 | Notice of Service of Discovery Request to Defendant Marion County Sheriff, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS.(Young, John) Modified on 7/29/2015 (TMB). (Entered: 07/28/2015) |
| 08/14/2015 | 61 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Discovery Conference held on 8/12/2015. The parties reported on the status of discovery and are in the process of finalizing their revised ESI Supplement to the Case Management Plan, which the parties are ordered to file on or before August 25, 2015. In light of the current status of discovery in this matter, the Court sua sponte amends paragraph III(E) of the approved Case Management Plan as amended [Dkts. 17 & 44] as follows: E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before January 18, 2016. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto on or before February 2, 2016. Status Conference set for 10/2/2015 at 10:30 AM in Telephonic before Magistrate Judge Mark J. Dinsmore. *see order for additional information* Signed by Magistrate Judge Mark J. Dinsmore. (NLR) (Entered: 08/14/2015) |
| 08/25/2015 | 62 | *Amended ESI Supplement to* CASE MANAGEMENT PLAN TENDERED, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS . (Young, John) (Entered: 08/25/2015) |
| 08/31/2015 | 63 | AMENDED ESI SUPPLEMENT TO CASE MANAGEMENT PLAN 62 Accepted and incorporated as paragraph III(M) of the approved Case Management Plan [Dkt. 17]. Signed by Magistrate Judge Mark J. Dinsmore on 8/31/2015.(SWM) (Entered: 08/31/2015) |
| 09/02/2015 | 64 | SCHEDULING ORDER: Final Pretrial Conference is set for 2/9/2017 at 1:30 PM in room #349, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Richard L. Young. Jury Trial (3 days) is set for 2/21/2017 at 9:00 AM in room #349, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Richard L. Young. Signed by Judge Richard L. Young on 9/2/2015.(TMD) (Entered: 09/02/2015) |
| 09/15/2015 | 65 | MOTION to Amend/Correct *Case Management Deadline*, filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Attachments: # 1 Text of Proposed Order Amending CMP Deadline)(Overholt, Anthony) (Entered: 09/15/2015) |

| | | |
|---|---|---|
| 09/15/2015 | 66 | NOTICE of Service of Discovery Responses filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Young, John) Modified on 9/16/2015 (NRN). (Entered: 09/15/2015) |
| 09/16/2015 | 67 | ORDER granting Defendants' 65 Motion to Amend Case Management Deadline. The Case Management Plan is hereby amended and the deadline in which to add an additional party is extended to October 15, 2015. All other requirements of the parties' approved Case Management Plan [Dkts. 17 and 61] remain in effect. Signed by Magistrate Judge Mark J. Dinsmore on 9/16/2015. (SWM) (Entered: 09/16/2015) |
| 10/05/2015 | 69 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Status Conference held on 10/2/2015. The parties reported on the status of discovery. In order to assist the Court in monitoring the ongoing discovery in this matter, on or before November 6, 2015, the parties shall jointly file a "Joint Report on the Status of Discovery" *see order for additional information* Status Conference set for 11/12/2015 at 02:00 PM in Telephonic before Magistrate Judge Mark J. Dinsmore. Signed by Magistrate Judge Mark J. Dinsmore. (NLR) (Entered: 10/05/2015) |
| 10/14/2015 | 70 | ORDER denying non-party B.A. Corley's 35 Motion to Transfer Case to the Indiana Supreme Court (see Order). Copy to B.A. Corley via US Mail. Signed by Magistrate Judge Mark J. Dinsmore on 10/14/2015. (SWM) (Entered: 10/15/2015) |
| 10/15/2015 | 71 | MOTION to Certify Class , filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Waples, Richard) (Entered: 10/15/2015) |
| 10/15/2015 | 72 | BRIEF/MEMORANDUM in Support re 71 MOTION to Certify Class , filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Waples, Richard) (Entered: 10/15/2015) |
| 10/15/2015 | 73 | Designation of Evidence re 71 MOTION to Certify Class , filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Attachments: # 1 Exhibit A - Mark Thompson Affidavit, # 2 Exhibit B - Byron Frierson Affidavit, # 3 Exhibit C- William Young Affidavit, # 4 Exhibit D - Michael Driver Affidavit, # 5 Exhibit E - Michael Boyd Affidavit, # 6 Exhibit F - Nicholas Swords Affidavit, # 7 Exhibit G - Roy Shofner Affidavit, # 8 Exhibit H - Jane Ruemmele Affidavit, # 9 Exhibit I - Novella Nedeff Affidavit, # 10 Exhibit J - James Kissee Affidavit, # 11 Exhibit K - Kristian Law Affidavit, # 12 Exhibit L - Class member submissions, # 13 Exhibit M - Indiana Lawyer 12-22-14, # 14 Exhibit N - Def MCS 2nd Supp Answer to Interrogatories, # 15 Exhibit O - Indiana Lawyer 8-15-14, # 16 Exhibit P - Terry Clayton Affidavit, # 17 Exhibit Q - Indy Channel 12-12-2014, # 18 Exhibit MCS Document Production)(Waples, Richard) (Entered: 10/15/2015) |
| 10/21/2015 | 74 | Unopposed MOTION for Extension of Time to File Response to 11/29/15 re 71 MOTION to Certify Class , filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Attachments: # 1 Text of Proposed Order Granting Extention of Time to Respond to Motion to Certify Class)(Overholt, Anthony) (Entered: 10/21/2015) |
| 10/23/2015 | 75 | ORDER granting Defendants' 74 Motion for Extension of Time to File Response to 11/30/2015 re 71 MOTION to Certify Class . Signed by Magistrate Judge Mark J. Dinsmore on 10/23/2015. (SWM) (Entered: 10/23/2015) |
| 11/06/2015 | 77 | REPORT *Parties' Joint Report on the Status of Discovery* by CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 11/06/2015) |
| 11/13/2015 | 78 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: |

Case 3:04-cv-01132... Document 11/12/2015... Filed ... Page 6 of 6 ...

| | | |
|---|---|---|
| | | Status Conference held on 11/12/2015. The parties discussed issues raised in their Joint Report on the Status of Discovery [Dkt. 77.]. With the agreement of the parties, the settlement conference scheduled for March 18, 2016 is hereby CONTINUED to August 12, 2016 at 9:00 a.m. All other requirements of the Court's order dated 2/27/2015 [Dkt. 16] remain in effect. Status Conference set for 12/17/2015 at 09:10 AM in Telephonic before Magistrate Judge Mark J. Dinsmore. *see order for additional information* Signed by Magistrate Judge Mark J. Dinsmore. (NLR) (Entered: 11/13/2015) |
| 11/30/2015 | 79 | Unopposed MOTION for Extension of Time to File Response to 1/28/16 re 71 MOTION to Certify Class , filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Attachments: # 1 Text of Proposed Order Granting Unopposed Second Motion to Extend Deadline to Respond to Motion for Class Certification)(Overholt, Anthony) (Entered: 11/30/2015) |
| 12/04/2015 | 80 | NOTICE of Appearance by Ameen R. Najjar on behalf of Defendant CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY. (Najjar, Ameen) (Entered: 12/04/2015) |
| 12/11/2015 | 82 | REPORT *Parties' Supplemental Joint Report on Status of Discovery* by All Plaintiffs. (Young, John) (Entered: 12/11/2015) |
| 12/14/2015 | 83 | Emergency MOTION to Withdraw Attorney Appearance *and for a Stay of this Litigation Pending the Appearance of Replacement Counsel*, filed by Defendant CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY. (Attachments: # 1 Affidavit of Douglas M. Kowalski, # 2 Text of Proposed Order)(Bowman, Daniel) (Entered: 12/14/2015) |
| 12/17/2015 | 84 | REQUEST for Production of Documents, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS.(Young, John) (Entered: 12/17/2015) |
| 12/18/2015 | 85 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Status Conference held on 12/17/2015. This matter comes before the Court on counsel for the City's Emergence Motion to Withdraw Attorney Appearances and for a Stay of this Litigation Pending the Appearance of Replacement Counsel. [Dkt. 83.] Following a discussion with the parties, that motion will be GRANTED IN PART and DENIED IN PART. This matter is STAYED pending further order of the Court. Counsel's motion to withdraw is taken under advisement pending the appearance of replacement counsel. Also before the Court is Defendants' Unopposed Second Motion to Extend Deadline to Respond to Motion for Class Certification. That motion is GRANTED and Defendants are granted an enlargement of time to and including February 29, 2016 in which to respond to Plaintiffs' Motion to Certify Class. Furthermore, the deadline for the parties to file their next Supplemental Joint Report on the Status of Discovery [see Dkt. 69 at 2] is hereby enlarged from January 15, 2016 to February 26, 2016. Status Conference set for 1/21/2016 at 08:40 AM in Telephonic before Magistrate Judge Mark J. Dinsmore. Signed by Magistrate Judge Mark J. Dinsmore. *see order for additional information* (NLR) (Entered: 12/18/2015) |
| 01/11/2016 | 86 | NOTICE *of Service of Request for Admissions to Defendant Marion County Sheriff*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS (Young, John) (Entered: 01/11/2016) |
| 01/19/2016 | 88 | NOTICE of Appearance by Anthony W. Overholt on behalf of Defendant CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY. (Overholt, Anthony) (Entered: 01/19/2016) |
| 01/19/2016 | 89 | B.A. Corley's Objection to "Obstructive" Ruling. (Attachments: # 1 Envelope)(NRN) |

| 01/19/2016 | 91  | NOTICE OF APPEAL as to 70 Order on Motion to Transfer Case, filed by non-party B. A. CORLEY (No fee paid with this filing). **Received via email from USCA on 1/29/2016.** (Attachments: # 1 Envelope, # 2 USCA Letter)(LBT) (Entered: 01/29/2016) |
| 01/21/2016 | 90  | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Status Conference held on 1/21/2016. The parties discussed the status of discovery. The parties were asked to expedite their meet-and-confer over a pending discovery dispute and contract chambers for a telephone conference if the parties are not able to resolve their dispute. New counsel for Defendant Consolidated City of Indianapolis and Marion County has appeared. Accordingly, the motion of prior counsel for Defendant Consolidated City of Indianapolis and Marion County to withdraw their appearances in this matter [Dkt. 83] is GRANTED. The Clerk is directed to show Amanda J. Dinges, Ameen R. Najjar and Daniel P. Bowman as terminated on the docket. The December 18, 2015 stay of this matter [Dkt. 85] is hereby lifted. Status Conference set for 3/2/2016 at 10:30 AM in Telephonic before Magistrate Judge Mark J. Dinsmore. *see order for additional information* Signed by Magistrate Judge Mark J. Dinsmore. (NLR) Modified on 1/25/2016 to correct typo and filed date (NRN). (Entered: 01/22/2016) |
| 01/29/2016 | 92  | PARTIES' SHORT RECORD re 91 Notice of Appeal - **Instructions for Attorneys and Designation of Record information attached.** (copy mailed to Appellant/Non-party, B. A. Corley) (LBT) (Entered: 01/29/2016) |
| 01/29/2016 | 93  | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 91 Notice of Appeal. **- for Court of Appeals Use Only.** (LBT) (Entered: 01/29/2016) |
| 01/29/2016 | 94  | USCA Case Number 16-1176 for 91 Notice of Appeal. (Attachments: # 1 PLRA Fee Notice)(LBT) (Entered: 01/29/2016) |
| 02/10/2016 | 95  | MOTION *to Serve More than 25 Requests for Admission*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Attachments: # 1 Exhibit A - Requests for Admission, # 2 Text of Proposed Order)(Young, John) (Entered: 02/10/2016) |
| 02/12/2016 | 96  | SCHEDULING ORDER: This matter comes before the Court on Plaintiff's Motion to Serve More Than 25 Requests for Admissions [Dkt. 95]. Any response to the motion is due on or before February 16, 2016. Any reply in support of the Motion is due on or before February 18, 2016. Signed by Magistrate Judge Mark J. Dinsmore on 2/12/2016. (SWM) (Entered: 02/12/2016) |
| 02/15/2016 | 97  | MOTION to Withdraw Attorney Appearance *of Matthew C. Boldt*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Attachments: # 1 Text of Proposed Order)(Young, John) (Entered: 02/15/2016) |
| 02/16/2016 | 98  | ORDER granting 97 Motion to Withdraw Attorney Appearance. Attorney Matthew C. Boldt withdrawn as counsel for the Plaintiffs. Signed by Magistrate Judge Mark J. Dinsmore on 2/16/2016. (CBU) (Entered: 02/16/2016) |
| 02/19/2016 | 99  | ORDER granting Plaintiffs' 95 Motion to Serve More than 25 Requests for Admission Pursuant to Local Rule 36-1. Signed by Magistrate Judge Mark J. Dinsmore on 2/19/2016. (SWM) (Entered: 02/19/2016) |
| 02/19/2016 | 100 | NOTICE *of Service of Requests for Admission to Defendant Marion County Sheriff*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS (Young, John) (Entered: 02/19/2016) |

| 02/23/2016 | 103 | NOTICE of Service of Discovery Request filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS (Young, John) (Entered: 02/23/2016) |
|---|---|---|
| 02/25/2016 | 102 | REPORT *Parties Joint Report on Status of Discovery* by All Plaintiffs. (Attachments: # 1 Exhibit A - proposed Quick Peek Order, # 2 Exhibit B - 37-1 letter)(Young, John) (Entered: 02/25/2016) |
| 02/26/2016 | 104 | Third MOTION for Extension of Time to File Response to 5/2/16 re 71 MOTION to Certify Class , filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Attachments: # 1 Text of Proposed Order Granting Motion for Extension of Time to Respond to Motion for Clase Certification)(Overholt, Anthony) (Entered: 02/26/2016) |
| 03/02/2016 | 105 | ORDER granting Defendants' 104 Motion for Extension of Time to File Response to 5/2/2016 re 71 MOTION to Certify Class . No further enlargements will be granted. Signed by Magistrate Judge Mark J. Dinsmore on 3/2/2016. (SWM) (Entered: 03/02/2016) |
| 03/03/2016 | 106 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Status Conference held on 3/2/2016. The Court and parties discussed the parties' supplemental Joint Report on the Status of Discovery. [Dkt. 102.] A discussion was held regarding the parties' proposed order memorializing a "quick peek" agreement. [Dkt. 102-1.] Possible revisions to the proposed order were discussed. The parties were instructed to move for the entry of such an order if they wish it to be entered. The Court and parties also discussed a number of discovery disputes. The parties' are ordered to file their next Supplemental Joint Report on the Status of Discovery on or before March 30, 2016. Status Conference set for 3/31/2016 at 08:40 AM in Telephonic before Magistrate Judge Mark J. Dinsmore. *see order for additional information* Signed by Magistrate Judge Mark J. Dinsmore. (NLR) (Entered: 03/03/2016) |
| 03/18/2016 | 107 | MANDATE of USCA as to 91 Notice of Appeal (USCA #16-1176) - IT IS ORDERED that this appeal is DISMISSED for failure to pay the required docketing fee pursuant to Circuit Rule 3(b). IT IS FURTHER ORDERED that the appellant pay the appellate fee of $505.00 to the clerk of the district court. The clerk of the district court shall collect the appellate fees from the prisoner's trust fund account using the mechanism of Section 1915(b). Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997). (MAG) (Entered: 03/18/2016) |
| 03/24/2016 | 108 | MOTION for Protective Order *Agreed "Quick Peek" Inspection Protective Order*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Waples, Richard) (Entered: 03/24/2016) |
| 03/30/2016 | 110 | REPORT *, Parties' 3-30-2016 Joint Discovery Report* by All Plaintiffs. (Waples, Richard) (Entered: 03/30/2016) |
| 03/31/2016 | 111 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Status Conference held on 3/31/2016. The parties discussed the status of and future plans for discovery, as well as the parties' proposed "quick peek" agreement. Status Conference set for 5/4/2016 at 01:00 PM (Eastern) in Telephonic before Magistrate Judge Mark J. Dinsmore to discuss the parties' Supplemental Joint Report on the Status of Discovery, which is due on or before May 3, 2016, as well as any proposed changes to the Case Management Plan. *See order for additional information.* Signed by Magistrate Judge Mark J. Dinsmore. (GD) (Entered: 03/31/2016) |
| 03/31/2016 | 112 | AGREED PROTECTIVE ORDER Approved as Amended 108 for "Quick Peek" Inspection of Documents claimed to be subject to a deliberative process privilege or |

| | | |
|---|---|---|
| | | Case 1:13-cv-01501-TWP-MJD attached 24 Attorney-Client/Work Product Communications. Signed by Magistrate Judge Mark J. Dinsmore on 3/31/2016.(MAC) (Entered: 04/01/2016) |
| 05/02/2016 | [114](#) | MOTION to Strike *the Testimony of William Young*, filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 05/02/2016) |
| 05/02/2016 | [115](#) | BRIEF/MEMORANDUM in Support re [114](#) MOTION to Strike *the Testimony of William Young* , filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Attachments: # [1](#) Exhibit Cited Portions of the Deposition of William E. Young, # [2](#) Exhibit Cited Portions of the Deposition of Tammy Wood)(Overholt, Anthony) (Entered: 05/02/2016) |
| 05/02/2016 | [116](#) | RESPONSE in Opposition re [71](#) MOTION to Certify Class , filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Attachments: # [1](#) Exhibit A 72 Hour Case Handling & Disposition Procedures, # [2](#) Exhibit Cited Portions of L. Dezelan Deposition, # [3](#) Exhibit Cited Portions of T. Wood Deposition, # [4](#) Exhibit Cited Portions of M. Thompson Deposition, # [5](#) Exhibit Cited Portions of W. Young Deposition)(Overholt, Anthony) (Entered: 05/02/2016) |
| 05/02/2016 | [117](#) | AFFIDAVIT in Support of Response in Opposition to Motion re [71](#) MOTION to Certify Class *Declaration of John Deiter*, filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 05/02/2016) |
| 05/02/2016 | [118](#) | AFFIDAVIT in Support of Response in Opposition to Motion re [71](#) MOTION to Certify Class *Declaration of James Martin*, filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 05/02/2016) |
| 05/02/2016 | [119](#) | AFFIDAVIT in Support of Response in Opposition to Motion re [71](#) MOTION to Certify Class *Declaration of Derek Peterson*, filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 05/02/2016) |
| 05/02/2016 | [120](#) | AFFIDAVIT in Support of Response in Opposition to Motion re [71](#) MOTION to Certify Class *Declaration of Louis Dezelan*, filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 05/02/2016) |
| 05/02/2016 | [121](#) | AFFIDAVIT in Support of Response in Opposition to Motion re [71](#) MOTION to Certify Class *Declaration of Tammy Wood*, filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 05/02/2016) |
| 05/03/2016 | [122](#) | REPORT *Parties May 3, 2016 Joint Discovery Report on Status of Discovery* by All Plaintiffs. (Young, John) (Entered: 05/03/2016) |
| 05/05/2016 | [123](#) | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Status Conference held on 5/4/2016. The parties discussed their Supplemental Joint Report on the Status of Discovery [122](#) . The approved Case Management Plan as amended [17](#) & [44](#) is hereby amended as follows: II. Jurisdiction and Statement of Claims C. On or before February 13, 2017, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. Discovery due by 2/3/2017. Dispositive Motions due by 3/6/2017. Supplemental Joint Report on the Status of Discovery due by 6/9/2016. |

| | | |
|---|---|---|
| | | Disc. <s>Conference set for</s> Discovery Conference set for 6/13/2016 at 09:00 AM (Eastern Time) in room #257, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Mark J. Dinsmore. *See order for additional deadlines and information.* Signed by Magistrate Judge Mark J. Dinsmore. (GD) (Entered: 05/05/2016) |
| 05/10/2016 | [124](#) | NOTICE *of Service of Discovery Request*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS (Young, John) (Entered: 05/10/2016) |
| 05/11/2016 | [125](#) | Joint MOTION *to Continue Trial Date*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Attachments: # [1](#) Text of Proposed Order)(Young, John) (Entered: 05/11/2016) |
| 05/12/2016 | [126](#) | First MOTION for Extension of Time to June 30, 2016 *to Reply on Class Certification*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Attachments: # [1](#) Text of Proposed Order)(Waples, Richard) (Entered: 05/12/2016) |
| 05/19/2016 | [127](#) | ORDER granting Plaintiffs' [126](#) Motion for Extension of Time to File a reply in support of their Motion for Class Certification to 6/30/2016. No further enlargements will be granted. Signed by Magistrate Judge Mark J. Dinsmore on 5/19/2016. (SWM) (Entered: 05/19/2016) |
| 05/24/2016 | [128](#) | ORDER granting [125](#) Motion to Continue. Final Pretrial Conference set for 2/09/17 is VACATED AND RESET to 11/8/2017 at 3:00 PM (Eastern Time) in room #349, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Richard L. Young. Jury Trial (10 days) set for 2/21/17 is VACATED AND RESET to 12/7/2017 at 9:00 AM (Eastern Time) in room #349, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Richard L. Young. Signed by Judge Richard L. Young on 5/24/2016.(TMD) (Entered: 05/24/2016) |
| 05/25/2016 | [129](#) | Supplemental MOTION for Protective Order *Supplemental Agreed Order for "Quick Peek" Inspection of Documents Claimed to be Subject to a Deliverative Process or Attorney-Client/Work Product Privileges*, filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 05/25/2016) |
| 05/27/2016 | [130](#) | MOTION for Extension of Time to June 30, 2016 *to respond to Defendant's Motion to Strike Testimony of William Young*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Attachments: # [1](#) Text of Proposed Order)(Young, John) (Entered: 05/27/2016) |
| 05/27/2016 | [131](#) | ORDER approving [129](#) Motion for Protective Order and it is entered (marginal). Signed by Magistrate Judge Mark J. Dinsmore on 5/27/2016. (CBU) (Entered: 05/31/2016) |
| 06/01/2016 | [132](#) | ORDER granting Plaintiffs' [130](#) Motion for Extension of Time to File Response to Defendant Marion County Sheriff's Motion to Strike Testimony of William Young to 6/30/2016. Signed by Magistrate Judge Mark J. Dinsmore on 6/1/2016. (SWM) (Entered: 06/01/2016) |
| 06/09/2016 | [133](#) | REPORT *Parties June 9, 2016 Joint Discovery Report on Status of Discovery* by All Plaintiffs. (Young, John) (Entered: 06/09/2016) |
| 06/13/2016 | [134](#) | Witness List , filed by Defendant CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY. (Overholt, Anthony) (Entered: 06/13/2016) |
| 06/13/2016 | [135](#) | Exhibit List , filed by Defendant CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY. (Overholt, Anthony) (Entered: 06/13/2016) |

| | | |
|---|---|---|
| 06/14/2016 | 136 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Discovery Conference held on 6/13/2016. The parties discussed the status of and future plans for discovery. Plaintiffs were authorized to file motion to compel regarding a number of discovery requests to which Defendants have not yet fully responded. The parties' next Supplemental Joint Report on the Status of Discovery shall be filed on or before July 5, 2016. Telephonic Status Conference set for 7/7/2016 at 9:00 AM (Eastern Time) before Magistrate Judge Mark J. Dinsmore. *See order for additional information.* Signed by Magistrate Judge Mark J. Dinsmore. (GD) (Entered: 06/15/2016) |
| 06/17/2016 | 137 | NOTICE *of Service of Discovery Requests*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS (Young, John) (Entered: 06/17/2016) |
| 06/27/2016 | 138 | NOTICE of Appearance by Richard G. McDermott on behalf of Interested Party AMITAV THAMBA. (McDermott, Richard) Modified on 6/28/2016 to correct party role (NRN). (Entered: 06/27/2016) |
| 06/27/2016 | 139 | Emergency MOTION to Quash *or in the Alternative, Modifying Subpoena*, filed by Interested Party AMITAV THAMBA. (Attachments: # 1 Exhibit A- Subpoena) (McDermott, Richard) Modified on 6/28/2016 to correct party role (NRN). (Entered: 06/27/2016) |
| 06/27/2016 | 140 | MOTION to Quash *Last Minute-Served Subpoena for Deposition*, filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Attachments: # 1 Text of Proposed Order Granting Motion to Quash Last Minute-Served Subpoena for Deposition)(Overholt, Anthony) (Entered: 06/27/2016) |
| 06/27/2016 | 141 | NOTICE *of Withdrawal of Subpoena of Amitav Thamba*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS (Young, John) (Entered: 06/27/2016) |
| 06/27/2016 | 142 | MOTION for Extension of Time to August 1, 2016 *to Respond to Defendant's Response to Plaintiffs' Motion for Class Certification*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Attachments: # 1 Text of Proposed Order)(Young, John) (Entered: 06/27/2016) |
| 06/28/2016 | 143 | MOTION for Leave to File *Over-sized Brief on Class Cert Reply*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS, AMITAV THAMBA. (Attachments: # 1 Text of Proposed Order)(Waples, Richard) (Entered: 06/28/2016) |
| 06/30/2016 | 144 | RESPONSE to *114* Motion to Strike Testimony of William Young, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Attachments: # 1 Exhibit A - Affidavit of William Young) (Young, John) Modified on 7/1/2016 to create link to motion (LBT). (Entered: 06/30/2016) |
| 06/30/2016 | 145 | ORDER DENYING AS MOOT MOTIONS TO QUASH DEPOSITION SUBPOENAS: This matter comes before the Court on Interested Party Amitav Thamba's Emergency Motion to Quash or in the Alternative, Modifying Subpoena [Dkt. 139] and Defendants' Motion to Quash Last Minute-Served Subpoena for Deposition [Dkt. 140]. Plaintiff has filed a Notice of Withdrawal of Subpoena of Amitav Thamba [Dkt. 141], and therefore, the Emergency Motion to Quash [Dkt. 139] and Motion to Quash [Dkt. 140] are hereby DENIED AS MOOT. Signed by Magistrate Judge Mark J. Dinsmore on 6/30/2016. (SWM) (Entered: 07/01/2016) |

| 06/30/2016 | 146 | ORDER granting Plaintiffs' 142 Motion for Extension of Time to File Reply in Support of their Motion for Class Certification to 8/1/2016 (see Order for additional information). Signed by Magistrate Judge Mark J. Dinsmore on 6/30/2016. (SWM) (Entered: 07/01/2016) |
|---|---|---|
| 07/05/2016 | 148 | ORDER granting Plaintiffs' 143 Motion for Leave to File Oversized Brief. Plaintiffs may file a reply brief on class certification not exceeding 35 pages. Signed by Magistrate Judge Mark J. Dinsmore on 7/5/2016. (SWM) (Entered: 07/05/2016) |
| 07/05/2016 | 149 | MOTION for Extension of Time to File Reply to 07/21/2016 re 114 MOTION to Strike *the Testimony of William Young* , filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Attachments: # 1 Text of Proposed Order Granting Extention of Time to File Reply in Support of Motion to Strike the Testimony of William Young)(Overholt, Anthony) (Entered: 07/05/2016) |
| 07/05/2016 | 150 | Joint MOTION for Extension of Time to 07/08/2016 *to file Supplemental Joint Report on the Status of Discovery and the July 7th Status Conference re Discovery*, filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Attachments: # 1 Text of Proposed Order Postponing Joint Report and Conference Call on the Status of Discovery)(Overholt, Anthony) (Entered: 07/05/2016) |
| 07/07/2016 | 151 | ORDER granting 150 Motion for Extension of Time to File to 7/8/2016 to file the next supplemental joint report on the status of discovery. The TELEPHONIC Status Conference reset for 7/12/2016 at 2:30 PM (Eastern) before Magistrate Judge Mark J. Dinsmore. Signed by Magistrate Judge Mark J. Dinsmore on 7/7/2016.(CBU) (Entered: 07/07/2016) |
| 07/07/2016 | 153 | ORDER granting 149 Motion for Extension of Time to File Reply to 7/21/2016 re 114 MOTION to Strike *the Testimony of William Young*. Signed by Magistrate Judge Mark J. Dinsmore on 7/7/2016. (CBU) (Entered: 07/08/2016) |
| 07/08/2016 | 154 | REPORT *Parties' July 5, 2016 Joint Report on the Status of Discovery* by CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 07/08/2016) |
| 07/14/2016 | 155 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Telephonic Status Conference held on 7/12/2016. The parties discussed the status of and future plans for discovery. The parties are reminded to review and comply with all requirements of the Court's order scheduling the upcoming settlement conference. [Dkt. 16 at 2-5; Dkt. 78.] The parties are ordered to file their next Supplemental Joint Report on the Status of Discovery on or before August 4, 2016. Thereafter the parties shall file each subsequent Supplemental Joint Report on the Status of Discovery on each twenty-eighth day thereafter until the parties report that all discovery in this matter has been completed. *See order for additional information.* Signed by Magistrate Judge Mark J. Dinsmore. (GD) (Entered: 07/14/2016) |
| 07/21/2016 | 156 | REPLY in Support of Motion re 114 MOTION to Strike *the Testimony of William Young* , filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Overholt, Anthony) (Entered: 07/21/2016) |
| 07/28/2016 | 157 | REPLY in Support of Motion re 71 MOTION to Certify Class , filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Young, John) (Entered: 07/28/2016) |
| 07/28/2016 | 158 | Designation of Evidence re 157 Reply in Support of Motion *to Certify Class*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY |

Case 1:13-cv-01291-JMS-MJD Document 176-1 Filed 10/19/16 Page 68 of 68

SHOFNER, NICHOLAS SWORDS. (Attachments: # 1 Exhibit S - Sheriff Layton deposition, # 2 Exhibit T - Royce Cole deposition, # 3 Exhibit U - Michael Driver deposition, # 4 Exhibit V - Terry Clayton deposition, # 5 Exhibit W - Nicholas Swords deposition, # 6 Exhibit X - Roy Shofner deposition, # 7 Exhibit Y - James Martin deposition, # 8 Exhibit Z - Eva Talley-Sanders deposition, # 9 Exhibit AA - Derek Peterson deposition, # 10 Exhibit BB - Geneva Roembke deposition, # 11 Exhibit CC - Louis Dezelan deposition, # 12 Exhibit DD - Marvin Thornsberry deposition, # 13 Exhibit EE - Padfield study, # 14 Exhibit FF - Court's 4-13-15 correspondence, # 15 Exhibit GG - Robert Sandy report, # 16 Exhibit HH - Barb Thompson affidavit, # 17 Exhibit II - Tyler Tech. proposal email, # 18 Exhibit JJ - Amitav Thamba deposition) (Young, John) (Entered: 07/28/2016)

| Date | No. | Description |
|---|---|---|
| 07/29/2016 | 159 | RESPONSE to Discovery Request, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS.(Young, John) (Entered: 07/29/2016) |
| 08/03/2016 | 160 | Joint MOTION for Extension of Time to October 12, 2016 *to Submit Settlement Statement and to Postpone Settlement Conference*, filed by Plaintiffs MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Attachments: # 1 Text of Proposed Order)(Young, John) (Entered: 08/03/2016) |
| 08/04/2016 | 161 | REPORT *Parties' 8-4-16 Joint Report on Status of Discovery* by MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Young, John) (Entered: 08/04/2016) |
| 08/04/2016 | 162 | ORDER denying Parties' 160 Joint Motion for Extension of Time to Submit Settlement Statement and to Postpone Settlement Conference. The August 12, 2016 settlement conference will proceed as scheduled. Signed by Magistrate Judge Mark J. Dinsmore on 8/4/2016. (SWM) (Entered: 08/04/2016) |
| 08/05/2016 | 163 | Joint MOTION *for Relief from order Requiring Filing of Draft Settlement Agreement*, filed by Defendants CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MARION COUNTY SHERIFF. (Attachments: # 1 Text of Proposed Order Granting Relief from Order Requiring Filing of Draft Settlement Agreement)(Overholt, Anthony) (Entered: 08/05/2016) |
| 08/09/2016 | 164 | ORDER granting in part and denying in part Parties' 163 Joint Motion for Relief from Order Requiring Filing of Draft Settlement Agreement. The parties are relieved of the obligation to file a fully negotiated draft settlement prior to the August 12, 2016 settlement conference; however, Defendants are directed to submit a Word version of a draft standard agreement that is acceptable to Defendants, which the Court and parties may use as the foundation for a settlement agreement in the event this matter is resolved. Such draft should be forwarded to the Magistrate Judge at MJDinsmore@insd.uscourts.gov on or before August 11, 2016. Signed by Magistrate Judge Mark J. Dinsmore on 8/9/2016. (SWM) (Entered: 08/09/2016) |
| 08/12/2016 | 165 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Settlement Conference held on 8/12/2016. Settlement was not achieved. At the conclusion of the settlement conference, the parties discussed the status of and future plans for discovery. Telephonic Status Conference set for 9/8/2016 at 11:00 AM (Eastern Time) to discuss the parties' next supplemental joint report on the status of discovery, due September 1, 2016. *See order for additional information.* Signed by Magistrate Judge Mark J. Dinsmore. (GD) (Entered: 08/12/2016) |
| 09/01/2016 | 166 | REPORT *Parties 9-1-16 Joint Report on Status of Discovery* by MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Young, John) (Entered: 09/01/2016) |

| | | |
|---|---|---|
| 09/08/2016 | 168 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Telephonic Status Conference held on 9/8/2016. The parties discussed the status of and future plans for discovery. Telephonic Status Conference set for 10/5/2016 at 1:00 PM (Eastern Time) to discuss case status and the parties' next supplemental joint report on the status of discovery, due September 29, 2016. *See order for additional information.* Signed by Magistrate Judge Mark J. Dinsmore. (GD) (Entered: 09/08/2016) |
| 09/29/2016 | 169 | REPORT *Parties September 29, 2016 Joint Report on Status of Discovery* by MICHAEL BOYD, TERRY CLAYTON, MICHAEL DRIVER, ROY SHOFNER, NICHOLAS SWORDS. (Young, John) (Entered: 09/29/2016) |
| 09/30/2016 | 171 | ORDER granting in part and denying in part Plaintiff's 71 Motion to Certify Class - SEE ENTRY. Signed by Judge Richard L. Young on 9/30/2016. (TMD) (Entered: 09/30/2016) |
| 09/30/2016 | 172 | ORDER denying as moot Defendants' 114 Motion to Strike the Testimony of William Young. Signed by Judge Richard L. Young on 9/30/2016. (TMD) (Entered: 09/30/2016) |
| 10/05/2016 | 173 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Telephonic Status Conference held on 10/5/2016. The parties discussed the status of and future plans for discovery. The parties jointly moved to amend certain case management deadlines. That motion is hereby GRANTED and the approved Case Management Plan as amended [Dkts. 17 , 44 , & 123 ] is hereby amended as follows: II. Jurisdiction and Statement of Claims C. On or before February 24, 2017, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. IV. Discovery and Dispositive Motions D. Dispositive Motions due by 3/17/2017. Discovery due by 2/17/2017. All other requirements of the approved Case Management Plan as amended [Dkts. 17 , 44 , & 123 ] remain in effect. Telephonic Status Conference set for 11/3/2016 at 11:00 AM (Eastern Time) before Magistrate Judge Mark J. Dinsmore to discuss the parties' next Supplemental Joint Report on the Status of Discovery due October 27, 2016. *See order for additional deadlines and information.* Signed by Magistrate Judge Mark J. Dinsmore. (GD) (Entered: 10/06/2016) |

## Case #: 1:14-cv-02076-RLY-MJD

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/14/2016 11:56:18 | | |
| **PACER Login:** | us4852:2654222:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:14-cv-02076-RLY-MJD |
| **Billable Pages:** | 16 | **Cost:** | 1.60 |